**Patricia Joanne SETTLES, Plaintiff–Appellant,**

v.

**GOLDEN RULE INSURANCE CO., Defendant–Appellee.**

**No. 89–3242.**

United States Court of Appeals, Tenth Circuit.

March 5, 1991.

Philip J. Adams, Jr. of Watson, Ess, Marshall & Enggas, Kansas City, Mo. (Dwight D. Sutherland, Jr. of Watson, Ess, Marshall & Enggas, Olathe, Kan., with him on the brief), for plaintiff-appellant.

Anthony F. Rupp of Shughart, Thompson & Kilroy, P.C., Overland Park, Kan. (Thomas G. Kokoruda of Shughart, Thompson & Kilroy, P.C., Kansas City, Mo., and Guy E. McGaughey, Jr. of McGaughey & McGaughey, Ltd., Lawrenceville, Ill., with him on the brief), for defendant-appellee.

Before MOORE, BRORBY, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

Plaintiff Patricia Joanne Settles brought suit in the United States District Court for

the District of Kansas, alleging that defendant Golden Rule Insurance Company's actions in terminating her husband's insurance coverage caused him to have a heart attack and die. Jurisdiction is based on diversity of citizenship. Plaintiff's cause of action specifically alleged state law claims of breach of contract, the tort of outrage, fraudulent denial of insurance coverage, and wrongful death. The district court, in response to defendant's motion to dismiss, held that the Employee Retirement Income Security Act (ERISA) preempted plaintiff's state law claims and dismissed the action for failure to state a claim upon which relief could be granted.[1] Arguing that ERISA does not preempt her state law claims, plaintiff appeals the district court's order dismissing her cause of action against Golden Rule. We affirm.

## BACKGROUND

We recite the facts as they are alleged in the plaintiff's complaint. In 1984, plaintiff's husband, William L. Settles, was employed as an accounting clerk for the Long Motor Corporation (Long Motor) of Lenexa, Kansas. As an employment benefit, Mr. Settles was insured under a group policy issued by defendant which provided both life and health insurance. Under the group insurance policy, Long Motor paid a monthly premium to defendant and was required to give advance written notice to defendant if it intended to terminate coverage of an employee.

On October 17, 1986, Mr. Settles was advised by a representative of defendant that his health insurance coverage had been terminated. However, on October 22, 1986, Mr. Settles was told by an agent of defendant that his health insurance coverage had not been terminated and that he had effectively exercised an extension of his health insurance coverage. On October 24, 1986, Mr. Settles was notified by defendant that it had unilaterally terminated his health insurance coverage effective October 7, 1986. Plaintiff alleges that as a direct consequence of defendant's actions in terminating her husband's health insurance, he became severely depressed and suffered a heart attack on October 24, 1986. As a result of the heart attack, Mr. Settles died on October 29, 1986.

Plaintiff filed suit against defendant, alleging breach of contract, the tort of outrage, fraudulent denial of insurance coverage, and wrongful death under Kansas law. Defendant filed a motion to dismiss, arguing both that ERISA preempted plaintiff's state law claims, and alternatively that plaintiff had failed to state a claim under Kansas Law. The district court granted defendant's motion to dismiss, holding that ERISA preempted plaintiff's claim. *Settles v. Golden Rule Ins. Co.*, 715 F.Supp. 1021 (D.Kan.1989). Arguing that there were insufficient facts before the district court for it to find that ERISA applied to Long Motor's employee benefit plan and that ERISA does not preempt her wrongful death claim, plaintiff appeals the dismissal of her cause of action.

## DISCUSSION

We review de novo the granting of a motion to dismiss for failure to state a claim for which relief can be granted, and we presume that the allegations of the complaint are true. *See Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986). In reviewing the dismissal, we must determine whether plaintiff can prove any set of facts to support her claim. *Id.*

A. *Whether ERISA Preemption Can Be Raised as a Defense in this Case.*

▆▆▆ ERISA applies only to benefit plans offered by employers engaged in interstate commerce. *See* 29 U.S.C.

---

1. The district court dismissed the cause of action only as against Golden Rule Insurance Company and entered a final judgment pursuant to Fed.R.Civ.P. 54(b). Therefore, the present appeal only addresses whether the cause of action against Golden Rule was properly dismissed.

Plaintiff's complaint also listed Jim Toyne Insurance, Inc., as a defendant. The district court retains jurisdiction of the cause of action against Jim Toyne Insurance, Inc. On September 21, 1989, the district court stayed the proceedings against Jim Toyne Insurance, Inc., pending this appeal.

§ 1003(a)(1). On appeal, plaintiff first argues that ERISA cannot be applied to this case because there was no evidence before the district court which proved that Long Motor was engaged in business affecting interstate commerce. The defendant has the burden of proving the preemption defense. *See Kanne v. Connecticut Gen. Life Ins. Co.*, 867 F.2d 489, 492 n. 4 (9th Cir.1988), *cert. denied*, 492 U.S. 906, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989). However, because plaintiff's complaint pleads ample facts to support the conclusion that Long Motor participated in business affecting interstate commerce, we find that plaintiff conceded that issue.[2]

■ Plaintiff also argues that because she brought her action in diversity and did not raise any claims under ERISA in her complaint, we should look only to her complaint to establish jurisdiction. However, in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987), the Court held that an action alleging only state law claims is removable to federal court if it gives rise to the defense of ERISA preemption. The Court explained that "[o]ne corollary of the well-pleaded complaint rule developed in the case law ... is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id. See also Ingersoll–Rand Co. v. McClendon*, — U.S. —, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). Plaintiff's complaint alleged sufficient facts for the district court to determine whether it gave rise to the defense of ERISA preemption. The district court did not err in considering whether plaintiff's claims were preempted by ERISA.

B. *Whether ERISA Preempts Plaintiff's Wrongful Death Claim.*

Because the defense of ERISA preemption was properly considered by the district court, we must now determine whether the district court properly held that ERISA

preempted plaintiff's wrongful death claim under Kansas law. Section 514(a) of ERISA states that:

"Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede *any and all State laws insofar as they may now or hereafter relate to any employee benefit plan* described in section 1003(a) of this title and not exempt under section 1003(b) of this title."

29 U.S.C. § 1144(a) (emphasis added). In *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987), the Supreme Court held that ERISA preempts state common law causes of action that assert improper processing of claims under a benefit plan regulated by ERISA. In so holding, the Court emphasized that ERISA's preemption provision is not limited to state laws specifically designed to affect employee benefit plans. The Court noted that the preemption provision is "deliberately expansive," *id.* at 46, 107 S.Ct. at 1552, and that the statutory "phrase 'relate to' [i]s given its broad common-sense meaning." *Id.* at 47, 107 S.Ct. at 1553, *quoting Shaw v. Delta Air Lines*, 463 U.S. 85, 97–98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). The Court has specifically stated that a law relates to a benefit plan "if it has a connection with or reference to such a plan." *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985), *quoting Shaw*, 463 U.S. at 97, 103 S.Ct. at 2900. The Court in *Ingersoll–Rand Co. v. McClendon*, — U.S. —, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) once again emphasized that preemption under § 514(a) must be interpreted expansively. There it held that § 514(a) preempted a claim that an employer wrongfully terminated an employee in order to avoid contributing to, or paying benefits under, an employee pension fund.

---

**2.** Additionally, plaintiff's argument that Mr. Settles extended his health insurance coverage creating a new contract which was not an employment benefit and therefore not covered by

ERISA was not raised below. Consequently, we do not consider it on appeal. *See Curtis Ambulance v. Shawnee*, 811 F.2d 1371, 1386 (10th Cir.1987).

The Tenth Circuit has given a similarly broad reading to the phrase "relate to" and has found that common law tort and breach of contract claims are preempted by ERISA if the factual basis of the cause of action involves an employee benefit plan. *See, e.g., Kelley v. Sears, Roebuck and Co.*, 882 F.2d 453 (10th Cir.1989); *Straub v. Western Union Telegraph*, 851 F.2d 1262 (10th Cir.1988). Other circuits have likewise held that common law tort and contract claims may be preempted by ERISA. *See, e.g., Pane v. RCA Corp.*, 868 F.2d 631 (3d Cir.1989); *Johnson v. District 2 Marine Eng. Beneficial Ass'n*, 857 F.2d 514 (9th Cir.1988).

■ However, ERISA does not preempt claims that are only tangentially involved with a benefit plan. *See Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21; *Clark v. Coats & Clark, Inc.*, 865 F.2d 1237, 1243–44 (11th Cir.1989); *see also Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1404 (9th Cir.1988); *Giardiello v. Balboa Ins. Co.*, 837 F.2d 1566, 1571 n. 8 (11th Cir.1988) (ERISA preemption "does not extend to every state law claim that, however remotely, factually involves an employee benefit plan."). In *Clark*, the court held that Clark's claim of wrongful discharge was not preempted because the complaint:

"alludes to conduct which was proximate (or even concurrent) in *time* to the alleged ERISA violation, but wholly remote in *content....* In its present form, the complaint makes no statement which ties together the tort claim and the ERISA claim in such a way that one 'relates to' the other in the statutory sense."

*Clark*, 865 F.2d at 1243–44 (emphasis in original).

■ The present case is distinguishable from *Clark* and those other cases that held state law claims not preempted by ERISA because here the injury alleged was a direct result of the termination of plan benefits and cannot be characterized as "wholly remote" from the benefit plan. *See, e.g., Farlow v. Union Cent. Life. Ins. Co.*, 874 F.2d 791, 794 (11th Cir.1989) (distinguishing *Clark* because in *Farlow* the "alleged conduct is intertwined with the refusal to pay benefits").

The factual basis for each of plaintiff's state law claims directly concerns the alleged improper administration of the benefit plan. Although plaintiff is not seeking benefits under the insurance policy, her claims require a finding that defendant wrongfully terminated Mr. Settles' insurance coverage. Therefore, the claims relate to the employee benefit plan. Plaintiff alleges in her complaint that:

"[a]s a direct result of the defendants' termination of insurance and breach of the insurance contract, decedent William L. Settles became severely emotionally distressed, suffered extreme mental anguish and was caused to suffer [a heart attack]."

R.Doc. 1 at ¶ 16; *see also id.* at ¶¶ 32, 44, 53. We hold that, because plaintiff's claims "relate to" an employee benefit plan covered by ERISA, they are preempted by ERISA. *See* 29 U.S.C. § 1144(a) (§ 514(a) of ERISA).

■ Plaintiff argues that even if her other claims are preempted by ERISA, her wrongful death claim is not preempted. However, because Kansas' wrongful death statute limits causes of actions to those that the decedent could have brought had he lived, plaintiff's wrongful death claim must be analyzed like any other state law claim. The wrongful death statute in Kansas provides that:

"If the death of a person is caused by the wrongful act or the omission of another, an action may be maintained for the damages resulting therefrom *if the former might have maintained the action had he or she lived*, in accordance with the provisions of this article, against the wrongdoer, or his or her personal representative if he or she is deceased."

Kan.Stat.Ann. § 60–1901 (emphasis added). Had Mr. Settles survived the wrongful termination of his benefits, any claim that he could have brought based on the wrongful termination of his benefits would have been barred by ERISA because it would have related to his employee benefit plan. Therefore, because the decedent could not

have brought suit under these facts, plaintiff's wrongful death claim is similarly barred.

Plaintiff's argument that the legislative history of ERISA demonstrates that Congress did not intend ERISA to preempt state law wrongful death actions is flawed. First plaintiff relies in large part on a House Report which was prepared subsequent to the original passage of § 514(a) and which discussed a House Bill which ultimately was not adopted by Congress. *See* Appellant's Br. at 12–13, *citing* H.R. Rep. No. 801, 100th Cong., 2d Sess., pt. 2, at 63 (1988). Therefore, the legislative history cited by plaintiff does not give a clear indication of congressional intent in drafting § 514(a). *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 117–18, 100 S.Ct. 2051, 2060–61, 64 L.Ed.2d 766 (1980) (subsequent statements are not clear indication of original congressional intent).

Moreover, the Supreme Court in *Pilot Life* reviewed the legislative history of ERISA when it found that the preemption provision of ERISA was written to be "deliberately expansive." 481 U.S. at 45–47, 107 S.Ct. at 1551–52. One commentator explains that:

> "the Court has shown deep sensitivity to congressional intent regarding preemption. *Alessi*, *Shaw*, and *Pilot Life* demonstrate that ERISA must prevail where any potential conflict between ERISA and a state statute or state law cause of action exists, or where a state statute or state law cause of action may in any way hinder the development of a uniform body of federal labor law governing employee benefit plans."

Steinman, *Federal Preemption: The Labor Management Relations Act and the Employee Retirement Income Security Act of 1974*, 1988 Ann.Surv. of Am.L. 739, 777 (footnotes omitted). Plaintiff's interpretation of the legislative history is overly restrictive and conflicts with the Supreme Court's reading of the legislative history.

Therefore, we reject plaintiff's legislative history argument.

■ Plaintiff also argues that because 29 U.S.C. § 1132(a)(3)(B) authorizes the courts to use "other appropriate equitable relief" to redress ERISA violations, the court should allow state wrongful death claims as a form of equitable relief. Plaintiff's reading of § 1132(a)(3)(B) is not persuasive. Giving courts flexibility in granting relief should not be confused with giving courts power to evade the broad preemption provision enacted by Congress. The Supreme Court in *Pilot Life* held that § 1132(a) is "the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits, and that varying state causes of action for claims within the scope of [§ 1132(a)] would pose an obstacle to the purposes and objectives of Congress." 481 U.S. at 52, 107 S.Ct. at 1555. In *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 146, 147, 105 S.Ct. 3085, 3092, 3092, 87 L.Ed.2d 96 (1985), the Court explained that Congress had created an "interlocking, interrelated, and interdependent remedial scheme" which the Court is "reluctant to tamper with." If we were to read § 1132(a)(3) as permitting plaintiff's state wrongful death action, we would be tampering unnecessarily with the remedial scheme designed by Congress. *Cf. Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1297 (5th Cir.1989) (§ 1132(a)(3)(B) does not permit the creation of an ERISA cause of action based on an oral contract). Therefore, § 1132(a)(3)(B) cannot be read as permitting plaintiff's wrongful death claim.

## CONCLUSION

Because the facts asserted in support of plaintiff's state law claims, including her wrongful death claim, directly relate to an employee benefit plan covered by ERISA, plaintiff's state law claims are preempted by § 514(a) of ERISA.[3] Therefore, we AFFIRM the district court's June 8, 1989 or-

---

**3.** Because the district court properly held that plaintiff's suit was preempted by ERISA, we do not reach defendant's alternative argument that plaintiff's suit failed to state any claim upon which relief could be granted under Kansas law.

der dismissing plaintiff's claims against defendant Golden Rule Insurance Company.