62 F.3d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 H. Dale BARRICK, Eddie Jay Hutton, L.D. Hull, Jack D.
Morgan, and Virgil Pratt, Plaintiffs-Appellants,
v.
OKLAHOMA GAS & ELECTRIC COMPANY, Defendant-Appellee.
 No. 94-5128.
 D.C. No. 93-C-923-E.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 8, 1995.
 
 Before KELLY, BRIGHT[2] and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Plaintiffs-appellants H. Dale Barrick, Eddie Jay Hutton, L.D. Hull, Jack D. Morgan, and Virgil Pratt appeal from the district court's dismissal of their complaint against Defendant-appellee Oklahoma Gas & Electric Company (OG & E). The district court denied Plaintiffs' motion to remand to state court on the grounds that their claim was preempted by ERISA, and, concluding that Plaintiffs had no claim under ERISA, it dismissed their complaint. Our jurisdiction arises under 28 U.S.C. 1291 and we affirm.
 
 
 2
 The parties are familiar with the facts in this case, and we will not restate them here. On appeal, the Plaintiffs argue that the district court lacked jurisdiction to dismiss their complaint.
 
 
 3
 We review de novo the district court's determination that it possessed the requisite subject matter jurisdiction to dismiss Plaintiffs' complaint. See Community Action of Laramie County, Inc. v. Bowen, 866 F.2d 347, 351 n. 1 (10th Cir.1989). Our inquiry focuses on the question of whether Plaintiffs' state law breach of contract claim was potentially subject to a federal preemption defense pursuant to 29 U.S.C. 1144(a) (1985). It is irrelevant for purposes of this analysis that the Plaintiffs in their complaint did not explicitly allege an ERISA claim, for we have held in the context of 1144, that "an action alleging only state law claims is removable to federal court if it gives rise to the defense of ERISA preemption." See Settles v. Golden Rule Ins. Co., 927 F.2d 505, 508 (10th Cir.1991) (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987)). Upon review of the Plaintiffs' complaint, it is clear that it alleged sufficient facts to permit the district court to decide whether it gave rise to an ERISA preemption defense. See id. The likelihood of an ERISA preemption defense gave the district court the necessary jurisdiction.
 
 
 4
 The district court held that Plaintiffs' state-law breach of contract claim was indeed preempted by 29 U.S.C. 1144(a). We review this ERISA preemption determination de novo. Kelso v. General American Life Ins. Co., 967 F.2d 388, 389 (10th Cir.1992).
 
 
 5
 Section 1144(a) provides in pertinent part: "the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. 1144(a) (emphasis added). In Ingersoll-Rand Co. v. McClendon, the Supreme Court read 1144(a) as a broad preemptive clause, and held that "a state law may relate to' a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." 498 U.S. 133, 139 (1990). Thus, when the very existence of a pension plan is critical to establishing liability under a state law cause of action, this claim "relate[s] to" pension benefits, and in fact, to the essence of the pension plan itself. Id. at 140; see also Kelso, 967 F.2d at 390; Settles, 927 F.2d at 509. The Court dismissed petitioner's argument that the employer's improper motive in avoiding pension obligations was all that was at issue by noting that "there simply [was] no cause of action if there [was] no plan." Ingersoll-Rand, 498 U.S. at 140. (emphasis in original).
 
 
 6
 Under this broad approach, the Plaintiffs' breach of contract claim, when shed of its obfuscatory layers, clearly "relate[s] to" an employee benefit plan. Essentially, the Plaintiffs assert that, but for OG & E's failure to inform them of a planned workforce reduction, they would not have retired and so been able to participate in the amended benefits plan put into effect shortly after their retirement. Indeed, the existence of the plan is at the very heart of Plaintiffs' claim. Therefore, Plaintiffs' common law breach of contract claim is preempted by 29 U.S.C. 1144(a). See Kelso, 967 F.2d at 390; Settles, 927 F.2d at 509.
 
 
 7
 This conclusion, coupled with Plaintiffs' concession that they cannot state a viable claim under ERISA, compels us to uphold the district court's dismissal.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation