**Bradley W. BROWN, Plaintiff,**

v.

**UNITED PARCEL SERVICE, Defendant.**

**Civil Action No. 95–B–3208.**

United States District Court,
D. Colorado.

Oct. 8, 1996.

Todd W. Rogers, Donald E. Johnson, Jr., Allen, Rogers, Metcalf & Vahrenwald, Fort Collins, CO, for Plaintiff.

John R. Webb, Matthew J. Rita, Holme Roberts & Owen, Denver, CO, for Defendant.

## MEMORANDUM OPINION & ORDER

BABCOCK, District Judge.

Defendant, United Parcel Service (UPS), moves for summary judgment on plaintiff's claims of promissory estoppel. UPS asserts that both claims are preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, *et seq.* Because plaintiff, Bradley W. Brown (Brown), has not pleaded an ERISA claim, UPS argues that I should enter summary judgment in favor of UPS on both claims. For the reasons set forth below, UPS's motion will be granted in part and denied in part.

## I.

The following facts are not disputed, or if in dispute, Brown's evidence is viewed most favorably for him. Brown was an employee of UPS from February 1984 until May 1995. Brown Aff. at ¶¶ 2. In early 1995, UPS informed its employees that there would be employment cuts and encouraged employees to find work elsewhere. *Id.* at ¶ 4. In April 1995, Brown informed UPS that he was planning to resign. *Id.* at ¶ 6. UPS told Brown that he was an outstanding employee and that UPS wanted to retain him. *Id.* at ¶ 7. UPS further informed Brown that because he had three weeks of vacation remaining, if he chose to resign, his termination date would be May 12, 1995. *Id.* at ¶ 9. Finally, UPS told Brown he would remain a UPS employee after May 12, 1995, if he advised UPS before that date that he wanted to continue his employment. *Id.* at ¶ 10.

On May 10, 1995, Brown learned from another employee that UPS had announced it was offering severance payments to those employees who voluntarily resigned from the company between June 15 and August 15, 1995. Brown Aff. at ¶ 12. Brown called the human resources manager at UPS on May 11, 1995. She was not available and did not return Brown's call. *Id.* at ¶ 13. On May 12, 1995, a UPS manager also told Brown of the available severance payments. *Id.* at ¶ 14. Brown called the human resources department twice on May 12, leaving a message to rescind his resignation if the severance payments would be available to him in June. His calls were again not returned. *Id.* at 15. On May 15, 1995, Brown told UPS he was ready to return to work. UPS refused to allow Brown to start work again. *Id.* at ¶ 16.

Brown filed a complaint in the District Court for Larimer County, Colorado. The complaint alleged two claims for relief. First, Brown alleged that UPS breached its promise to him to keep him "informed" about matters affecting his employment. In his second claim for relief, Brown alleged that UPS breached its promise to allow him to rescind his resignation until May 12, 1995.

UPS removed the case to this court, alleging that both Brown's claims were preempted by ERISA. Brown moved to remand the

case to state court. Upon an order of special reference, Magistrate Judge Abram recommended that at least Brown's first claim was preempted by ERISA. Brown's first claim, if successful, would have imposed a duty on UPS to inform plan participants of upcoming changes in benefits. Magistrate Abram thus reasoned that Brown's first claim "related" to the UPS Plan within the meaning of ERISA § 514(a). I adopted Magistrate Abram's recommendation and held that at least the first claim for relief was preempted by ERISA. I did not reach the issue whether the second claim for relief was preempted because, even assuming it was not preempted by ERISA, the second claim was properly before the court under supplemental jurisdiction.

## II.

Fed.R.Civ.P. 56(c) provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

■ UPS argues that both Brown's claims for relief are preempted by ERISA. UPS further contends that, because Brown has not added any properly pleaded ERISA claims to its complaint, UPS is entitled to summary judgment on both claims. Brown's deadline for amending his complaint was June 7, 1996. *See* Order Re: Joint Stipulated Plan and Schedule for Discovery § IV.

I have already concluded that Brown's first claim for relief was preempted by ERISA. Order of May 8, 1996. Brown has not since amended his complaint to state an ERISA claim, and the deadline for doing so has passed. Accordingly, I will grant UPS's motion for summary judgment on Brown's first claim for relief. Brown's second claim for relief, however, is not so easily resolved.

■ I have not yet addressed whether Brown's second claim for relief is preempted by ERISA. If it is, summary judgment is appropriate. If it is not preempted, however, no federal question would remain, and the question of remand must be addressed again.

Section 514(a) of ERISA provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). Brown does not contest that the severance payments he would have received had he remained with UPS until June 15, 1995 were part of an "employee benefit plan" under ERISA. Therefore, the only issue is whether Brown's second claim for relief "relates" to the "UPS Plan" under the statute.

■ The Supreme Court has interpreted the ERISA preemption statute broadly, stating that a state law "relates to" an employee benefit plan if it has a "connection or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). However, a state law that affects a plan in "too tenuous, remote, or peripheral a manner" will not be preempted. *Id.* at 100, n. 21, 103 S.Ct. at 2901, n. 21. The Tenth Circuit has further refined the limits of ERISA's preemption statute: When a state law " 'does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the [law] has some economic impact on the plan does not require that the [law] be invalidated.' " *Hospice of Metro Denver v. Group Health Ins. of Oklahoma,* 944 F.2d 752, 754 (10th Cir.1991) (quoting *Rebaldo v. Cuomo,* 749 F.2d 133, 139 (2d Cir.1984)); *see also Settles v. Golden Rule Ins. Co.,* 927 F.2d 505, 509 (10th Cir.1991) ("ERISA does not preempt claims that are only tangentially involved with a benefit plan."). Regarding common law claims, the Tenth Circuit has stated that ERISA is preemptive if the "factual basis of the cause of action involves an employee benefit plan." *Settles v. Golden Rule Ins. Co.,* 927 F.2d 505, 509 (10th Cir.1991).

UPS argues that precedent of the Tenth Circuit dictates that Brown's second claim for relief be preempted. In *Averhart v. US WEST Management Pension Plan,* Averhart pleaded a claim for promissory estoppel based on statements that US WEST allegedly made before Averhart retired. 46 F.3d 1480 (10th Cir.1994). Averhart contended that US WEST had assured him before he

retired that the company was not considering any form of early retirement plan. Such a plan was subsequently instituted. Averhart asserted that but for US WEST's misrepresentations he would have retained his position until he became eligible for the plan. The Tenth Circuit held that Averhart's claim was preempted by ERISA. *Id.* at 1485–86.

Similarly, in *Settles v. Golden Rule Ins. Co.*, the court held that Settles' tort claim for wrongful death was preempted by ERISA. 927 F.2d 505, 508–09 (10th Cir.1991). Settles alleged that the faulty administration of benefits under the employer's plan caused her husband to have a heart attack. *Id.* The court stated that the claim was preempted because the factual basis for the claim "directly concern[ed] the alleged improper administration of the benefit plan." *Id.* at 509.

Further, although not cited by UPS, the Supreme Court has held that a wrongful discharge action was preempted by ERISA. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). There, the claim was based on an allegation that the employer terminated the plaintiff to avoid making contributions to his pension fund. *Id.* The Court held that because the existence of a pension plan was "a critical factor in establishing liability under the State's wrongful discharge law," the claim was preempted by ERISA. *Id.* at 139–40, 111 S.Ct. at 483–84.

None of these cases is controlling here. Unlike in each of the cases cited, UPS's liability on Brown's second claim for relief does not depend upon the existence of the UPS Plan. Rather, to succeed on his claim, Brown need only show that he reasonably relied on UPS's promise to allow him to rescind his resignation and that UPS breached that promise. In *Averhart*, the plaintiff's claim depended upon alleged promises made by his employer regarding the benefits plan itself. In *Settles*, the plaintiff's claim required a showing of a tortious administration of plan benefits. Finally, as explicitly recognized by the Supreme Court, in *Ingersoll–Rand*, the plaintiff's case depended upon proving that he was fired to avoid contribution to the company's plan. In contrast,

Brown could prove his claim regardless of the existence of the UPS Plan.

UPS argues that because Brown's only reason for wanting to rescind his resignation was that UPS changed its benefits plan, Brown's claim should be preempted by ERISA. I fail to see how Brown's reason for wanting to rescind his resignation is relevant to preemption. Brown need not even mention the UPS Plan to prove his prima facie case. Although Brown's damages necessarily involve a calculation of lost benefits under the plan, this is not sufficient to "relate" the claim to the UPS Plan under § 514(a). *Hospice of Metro Denver v. Group Health Ins. of Oklahoma*, 944 F.2d 752, 755 (10th Cir.1991).

In *Hospice*, a health care provider brought a claim for promissory estoppel against the provider of group health insurance under an employee benefits plan. 944 F.2d 752. The court held that if the plaintiff prevailed, "merely because its damages would be based upon the amount of potential plan benefits does not implicate the administration of the plan, and is not consequential enough to connect the action with, or relate the action to, the plan." 944 F.2d at 755. Although I have previously distinguished *Hospice* on the grounds that it involved a nonbeneficiary under the plan, I did so in the context of a case involving alleged oral modification of plan terms themselves. *West Pines Psychiatric Hospital v. Samsonite Benefit Plan*, 848 F.Supp. 907, 910 (D.Colo.1994). Here again, Brown's promissory estoppel claim involves an alleged promise unrelated to the UPS Plan terms. Therefore, I conclude that the reasoning of *Hospice* controls; Brown's use of the UPS plan to calculate damages is not enough to "relate" his claim to the UPS Plan under § 514(a).

As the Tenth Circuit has recognized, there is no clear rule that "pinpoints precisely how indirect or remote a state law must be" to avoid preemption under § 514(a). *Monarch Cement Co. v. Lone Star Indus.*, 982 F.2d 1448, 1452 (10th Cir.1992). The court has stated, however, that

a line has emerged between the kinds of state law claims which generally are and are not preempted by ERISA. "[L]aws that have been ruled preempted are those

that provide an alternative cause of action to employees to collect benefits protected by ERISA, refer specifically to ERISA plans and apply solely to them, or interfere with the calculation of benefits owed to an employee. Those that have not been preempted are laws of general application—often traditional exercises of state power or regulatory authority—whose effect on ERISA plans is incidental."

*Id.* (citations omitted). Brown's second claim for relief falls in the latter category. If Brown prevails on his claim, it will not affect the administration of the plan because he has not alleged that plan administrators did anything wrong. Brown's first claim for relief is preempted in part because it would have required plan administrators to announce amendments to the plan prior to their effective date. In contrast, Brown's second claim does not require proof of any action by plan administrators. In fact, UPS has not contested that Brown would have been eligible for the severance payments but for the alleged breach of UPS's promise to allow him to rescind his resignation.

Holding, as I have, that Brown's second claim for relief is not preempted by ERISA, there is no longer any federal question in this case. After denying Brown's motion for remand, I exercised supplemental jurisdiction over Brown's second claim for relief. The decision to exercise supplemental jurisdiction is discretionary to the extent permitted by 28 U.S.C. § 1367(c). *James v. Sun Glass Hut of California,* 799 F.Supp. 1083, 1084–85 (D.Colo.1992). Section 1367(c) states that a district court may decline to exercise supplemental jurisdiction if the state law claims substantially predominate over the federal claims. Here, Brown's only outstanding claim is based on state promissory estoppel law. No issues of federal law remain. Thus, I decline to continue exercising supplemental jurisdiction over Brown's second claim for relief. I will therefore remand this case to District Court for Larimer County, Colorado, where it was originally filed.

Accordingly, it is ORDERED that

1. UPS's motion for summary judgment on Brown's first claim for relief is GRANTED;

2. UPS's motion for summary judgment on Brown's second claim for relief is DENIED;

3. This case is REMANDED to District Court for Larimer County, Colorado for further proceedings consistent with this order.