**Alvin R. LEONARD, Plaintiff,**

v.

**David FILKINS; Zale Delaware, Inc; and Administrator of Zale Delaware, Inc Retirement Plan Defendants.**

**No. CIV–98–480–R.**

United States District Court, W.D. Oklahoma.

April 22, 1998.

Alvin R. Leonard, Oklahoma City, OK, pro se.

Ronald M. Gaswirth, Laurie Lamb, Gardere & Wynne, Dallas, TX, Stephen R. Ward, Gardere & Wynne, Tulsa, OK, for Defendants.

## ORDER

DAVID L. RUSSELL, Chief Judge.

This matter comes before the Court on the Motion to Remand, filed by Plaintiff, Alvin Leonard. Defendants Zale Delaware and Administrator of Zale Delaware Retirement Plan responded in opposition to the motion. The Court has considered the parties' filings, and finds as follows.

Plaintiff filed this action in small claims court in the District Court of Oklahoma County. Plaintiff initiated the action by filing an affidavit, which stated:

Alvin R. Leonard, being duly sworn, deposes and says:

1. That the Defendant David Filkins, resides at 2706 Regina Drive, Moore, Oklahoma 73122.

2. That the Defendant, Zale Delaware, Inc., has the following registered agent for the State of Oklahoma: The Prentice–Hall Corporation System, 115 S.W. 89th Street, Oklahoma City, Oklahoma 73139.

3. That the Defendant, Administrator of Zale Delaware, Inc. Retirement Plan, has a mailing address of: 901 Walnut Hill Lane, Irving, TX 75038

4. The that Defendant, David Filkins, is indebted to the Plaintiff in the sum of $4,500.00 for attorney's fees and costs in the case of *Filkins v. Filkins,* Case No. PF–96–1032–F, District Court, Oklahoma County, Oklahoma.

5. That the Defendants, Zale Delaware, Inc. and Administrator of Zale Administrator, Inc. Retirement Plan are indebted to the Plaintiff for divorce statutory attorney's fees lien pursuant to 5 O.S. § 6, in the case of *Filkins v. Filkins,* Case No. PD–96–1032–PF, District Court, Oklahoma County, Oklahoma.[1]

6. That the Plaintiff has demanded payment of said sum, but the Defendants have refused to pay the same and no part of the amount sued for has been paid.

■ On April 1, 1998, Defendants removed this action, alleging the Court has removal jurisdiction pursuant to 28 U.S.C.

§ 1441(b), because the suit is an action "to recover ERISA benefits." [Notice of Removal at 2].[2] Plaintiff asserts the matter should be remanded, because the claim is not an ERISA claim and because there is no basis for federal question jurisdiction.

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. § 1441(b). In deciding whether a suit arises under federal law, the court must adhere to the "well-pleaded complaint rule." *Schmeling v. NORDAM,* 97 F.3d 1336, 1339 (10th Cir.1996). Pursuant to this rule, a suit arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based" on federal law. *Id.* (quoting *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908)). A defendant's assertion of a defense based on federal law, such as federal preemption is not a proper basis for removal, if the plaintiffs' claim is not based in federal law. *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)).

■ Review of the allegations quoted above reveals no allegation that Plaintiff's claim, filed pursuant to Oklahoma law, arises under federal law. Defendants contend, however, that because ERISA prevents the assignment or alienation of plan benefits to anyone other than a plan beneficiary or participant, that Plaintiff's claim is preempted by ERISA. Defendants argue that ERISA

---

1. From the commencement of an action, or from the filing of an answer containing a counterclaim, the attorney who represents the party in whose behalf such pleading is filed shall, to the extent hereinafter specified, have a lien upon his client's cause of action or counterclaim, and same shall attach to any verdict, report, decision, finding or judgment in his client's favor; and the proceeds thereof, wherever found, shall be subject to such lien, and no settlement between the parties without the approval of the attorney shall affect or destroy such lien, provided such attorney serves notice upon the defendant or defendants, or proposed defendant or defendants, in which he shall set forth the nature of the lien he claims and the extent thereof; and said lien shall take effect from and after the service of such notice, but such notice shall not be necessary provided such attorney has filed such pleading in a court of record, and endorsed thereon his name, together with the words "Lien claimed." Okla. Stat. tit. 5 § 6.

2. According to Defendants, Plaintiff seeks to recover attorney's fees from a divorce case in which he represented Filkins. Filkins was awarded one-half of his wife's interest in her 401K plan, a plan that was administered by Defendant Zale Corporation Plan Administrator.

preempts the entire field, and therefore, the well-pleaded complaint rules does not apply.

 There is a narrow exception to the well-pleaded complaint rule, "complete preemption." "When the doctrine [of complete preemption] is properly invoked, a complaint alleging only a state law cause of action may be removed to federal court on the theory that federal preemption makes the state law claim 'necessarily federal in character.'" *Id.* (quoting *Metropolitan*, 481 U.S. at 63–64, 107 S.Ct. 1542). Defendants contend complete preemption applies to ERISA and to Plaintiff's claims. The Court concurs in Defendants' assertion with regard to the general application of "complete preemption," and notes that it may provide for removal even in the absence of a federal claim. However, the Court finds the doctrine does not apply in this case.

[5–8] Defendants rely on *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193 (11th Cir.1991), in support of their theory of "super preemption." Defendants, however, fail to realize the limitation of super-preemption. Not all claims that might involve an employee benefit plan are ERISA preempted. As stated by the court in *Brown*, "[t]he Supreme Court has determined that ERISA "completely preempt[s]" the area of employee benefit plans and thus converts state law claims into federal claims when the state law claim is preempted by ERISA **and also falls within the scope of the civil enforcement section of ERISA, Section 502(a), 29 U.S.C.A. § 1132(a).** *Metropolitan Life*, 481 U.S. at 64, 107 S.Ct. at 1547." *Id.* at 1195 (emphasis added). Defendants bear the burden of establishing this Court has subject matter jurisdiction. Defendants,however, fail to identify a federal claim available to Plaintiff to replace his state law claim. *Schmeling*, 97 F.3d at 1342 ("'complete pre-

emption' refers to replacement of a state cause of action with a federal one").[3] Furthermore, the Court knows of no federal action available to Plaintiff. Absent a replacement claim, Leonard's claim is not subject to removal under the complete preemption doctrine.

As noted above, the complaint is not subject to removal under the well-pleaded complaint rule. Additionally, there is no basis for utilizing the complete preemption doctrine. Therefore, this matter must be remanded to the District Court of Oklahoma County, Small Claims division.[4]

---

3. The law does not require that the federal cause of action provide the same remedy as that state cause asserted by the plaintiff. *Schmeling*, 97 F.3d at 1343. Defendants argue that the lack of a federal remedy does not prevent removal under a theory of ERISA preemption. Defendants rely on cases from other circuits, which are not binding on this Court. In light of the Tenth Circuit's approach to this issue Defendants' reliance on these cases is misplaced.

4. The preemption discussion herein is addressed only to removal of the action. Defendants are free to argue the merits of a preemption defense in state court. The Court's ruling is limited; a federal defense, absent application of the "complete preemption" doctrine, does not provide a basis for removal jurisdiction under 28 U.S.C. § 1441.