David THURKILL, Plaintiff,

v.

THE MENNINGER CLINIC, INC., Defendant.

No. 99–1049–SAC.

United States District Court, D. Kansas.

Aug. 18, 1999.

Gregory A. Lee, Davis, Unrein, Hummer, McCallister, Biggs & Head, Topeka, KS, for plaintiff.

Arthur E. Palmer, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This breach of contract case comes before the court on the plaintiff's motion to remand. (Dk.5). The plaintiff filed on June 25, 1999, his petition in the District Court of Shawnee County, Kansas, alleging the defendant hired him on October 4,

1998, as a Business Development Liaison—Athletic Program and then dismissed him on May 4, 1999, in breach of his employment contract. In the termination letter, the defendant wrote that the plaintiff's position was being eliminated as part of the defendant's organization changes.

The defendant filed a notice of removal on July 12, 1999, asserting the action was removable pursuant to 28 U.S.C. § 1441(b) as a civil action of which this court would have original jurisdiction pursuant to 29 U.S.C. §§ 1144(a) and 1132(a)(1)(B). The plaintiff thereafter timely filed his motion to remand to which the defendant responded, and the plaintiff submitted a reply brief. Fully informed of the parties' positions and the governing law, the court grants the motion to remand for the reasons stated below.

The defendant has the burden of demonstrating that removal was proper and that the court has original jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Federal removal jurisdiction is statutory in nature, and the governing statutes are to be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *see Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Doubtful cases must be resolved in favor of remand. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995); *Henderson v. Holmes*, 920 F.Supp. 1184, 1186 (D.Kan.1996). Under 28 U.S.C. § 1447(c), if it appears at any time before final judgment that the district court lacks subject matter jurisdiction, the case must be remanded to state court.

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). When the assertion of removal jurisdiction is based on federal question, the court generally relies on the "well-pleaded complaint rule" which requires the federal question to appear on the face of the plaintiff's complaint. *Id.* The Supreme Court has recognized an exception, "known as the 'complete pre-emption' doctrine" applying when "the preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). The "touchstone" for recognizing this exceptional jurisdiction is that "Congress has clearly manifested an intent to make causes of action ... removable to federal court." *Metropolitan Life*, 481 U.S. at 66, 107 S.Ct. 1542. The Supreme Court has "found complete preemption to exist under the Labor–Management Relations Act, 1947, ..., and the Employee Retirement Income Security Act of 1974, ...." *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, —— n. 6, 119 S.Ct. 1430, 1437 n. 6, 143 L.Ed.2d 635 (1999) ("[T]he Price–Anderson Act, *see* 42 U.S.C. § 2014(hh), resembles what we have spoken of as '"complete preemption" doctrine.'" (citation omitted)); *see Herrera v. Lovelace Health Systems, Inc.*, 35 F.Supp.2d 1327, 1329 (D.N.M.1999).

In *Metropolitan Life*, the Supreme Court held that a complaint alleging only state law claims still states an action arising under federal law that is removable "if (1) the cause of action is based on a state law that is preempted by ERISA ['Employee Retirement Income Security Act,' 29 U.S.C. §§ 1001, *et seq.*], and (2) the cause of action is 'within the scope of the civil enforcement provisions' of ERISA § 502(a), 29 U.S.C. § 1132(a)." *Romney v. Lin*, 94 F.3d 74, 78 (2nd Cir.1996) (citing *Metropolitan Life*, 481 U.S. at 64–66, 107 S.Ct. 1542), *cert. denied*, 522 U.S. 906, 118 S.Ct. 263, 139 L.Ed.2d 189 (1997); *Alexander v. Anheuser–Busch Companies, Inc.*, 990 F.2d 536, 540 (10th Cir.1993); *Leonard*

*v. Filkins,* 5 F.Supp.2d 1243, 1246 (W.D.Okla.1998). In short, preemption under § 1144 states only a federal defense and is not a basis, by itself, for removal jurisdiction. *Giles v. NYLCare Health Plans, Inc.,* 172 F.3d 332, 336–37 (5th Cir. 1999); *Herrera,* 35 F.Supp.2d at 1330 (citations omitted). For there to be complete preemption and removal jurisdiction in the context of ERISA, the state law claims must fall within the scope of § 1132(a)(1)(B). *Id.*

Section 1132(a)(1)(B) authorizes a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The defendant Menninger argues the following in its effort to show that the plaintiff Thurkill's action falls within § 1132(a)(1)(B). When Thurkill's position of employment was eliminated in May of 1999, Menninger provided him with a separation pay and benefit package. Menninger maintains that this severance pay and benefit package qualifies as an employee benefit plan under ERISA.[1] While Thurkill pleads only that his employment contract was breached when his position was eliminated and claims damages only in the amount of his salary for six months and consequential damages, Menninger concludes that the plaintiff's action "reduces to one of whether Plaintiff may recover something different for job abolishment than the Menninger Severance Plan administrator awarded him under the ERISA-governed plan." (Dk.6, p. 4).

In *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), the Supreme Court was confronted with whether ERISA preempted a state common-law wrongful discharge action where the employee alleged that he was discharged just months before his pension would have vested and that the employer's motive for terminating him was to avoid making contributions to his pension fund. "[T]he existence of a pension plan ... [was] a critical factor in establishing liability under the State's wrongful discharge law. As a result, this cause of action relates not merely to pension benefits, but to the essence of the pension *plan* itself." 498 U.S. at 139–40, 111 S.Ct. 478. The Court held:

> We have no difficulty in concluding that the cause of action which the Texas Supreme Court recognized here—a claim that the employer wrongfully terminated plaintiff primarily because of the employer's desire to avoid contributing to, or paying benefits under, the employee's pension fund—"relate[s] to" an ERISA-covered plan within the meaning of 514(a), and is therefore preempted.

498 U.S. at 140, 111 S.Ct. 478.

The emerging rule is that in determining whether ERISA preempts a state common-law wrongful discharge action, a court focuses "on the employer's alleged motivation in terminating" the plaintiff, *Campbell v. Aerospace Corp.,* 123 F.3d 1308, 1312 (9th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1794, 140 L.Ed.2d 935 (1998); *Johnson v. E.A. Miller, Inc.,* 172 F.3d 62, 1999 WL 94827, at *5 (10th Cir. Feb.25, 1999) (table), or on the existence of an ERISA plan being critical and at the very heart of the plaintiff's action, *Ingersoll–Rand,* 498 U.S. at 140, 111 S.Ct. 478; *see Barrick v. Oklahoma Gas & Electric Co.,* 62 F.3d 1428, 1995 WL 465809, at *2 (10th Cir. Aug.8, 1995) (table). When the "plaintiff's claims involve only general representations regarding continued employment and not specific representations regarding an ERISA plan," there is no preemption of the wrongful discharge action. *Penyak v. UNUM Life Ins. Co. of America,* No. 97–2117–EEO, 1998 WL 171213, at *3 (D.Kan. Mar.12, 1998) (citing *Wilcott v. Matlack, Inc.,* 64 F.3d 1458, 1463 (10th Cir.1995); *Watts v. Yellow Technology Servs., Inc.,* No. 97–2519–GTV, 1997 WL 756628, at *2–3 (D.Kan. Nov.24, 1997)). Consequently,

---

1. For purposes of this motion only, the court will assume without deciding that Menninger's package of severance pay and benefits qualifies as an ERISA plan.

"an employee may rely on state law to redress the breach of an employment contract, notwithstanding the presence of an ERISA plan, if the factual basis of the suit is independent of the rights and duties created by the plan." *Wilcott v. Matlack, Inc.,* 64 F.3d at 1462. A breach of employment contract claim does not relate to an ERISA plan simply because the alleged damages may economically impact the ERISA plan. *Campbell,* 123 F.3d at 1312; *Watts v. Yellow Technology Servs., Inc.,* No. 97–2519–GTV, 1997 WL 756628, at *3 (citing *Airparts Co. v. Custom Benefit Serv. of Austin, Inc.,* 28 F.3d 1062, 1066 (10th Cir.1994), and *Hospice of Metro Denver, Inc. v. Group Health Ins. of Okla. Inc.,* 944 F.2d 752, 754 (10th Cir.1991)); *Brown v. United Parcel Service,* 940 F.Supp. 291, 294 (D.Colo.1996); *see Penyak v. UNUM Life Ins. Co. of America,* No. 97–2117–EEO, 1998 WL 171213, at *3; *cf. New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 661, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995) (Noting that economic impact alone is not necessarily enough for preemption); *Pacificare of Oklahoma, Inc. v. Burrage,* 59 F.3d 151, 154 (10th Cir.1995) ("That a plan is potentially liable for a judgment is not enough to relate the action to the plan." (quotation omitted)).

■ There is no dispute that Thurkill asserts only one cause of action; that is, breach of an employment contract arising from the following representations made to him when he was hired: "that the position being created for him and the program he would be working in was stable, would not be phased out and he should not pay any attention to the 'talk' about the unstable work environment, the elimination of programs and lay-offs he was hearing about at Menninger." (Dk. 1, Plaintiff's Petition, ¶ 4). The issues in this action principally concern Menninger's representations or promises made at the time of hiring, Thurkill's reliance on those representations or

promises, and the breach of those representations or promises by eliminating Thurkill's position and dismissing him.

Thurkill's case has nothing to do with the administration of Menninger's severance pay and benefit package, with any representation regarding it, or with the approval or denial of benefits under it. " 'Rather, this is a case in which beyond the simple need to refer to the Plan, the Plan is irrelevant to the dispute.' " *Herrera,* 35 F.Supp.2d at 1332 (quoting *Fritts v. Khoury,* 933 F.Supp. 668, 672 (E.D.Mich.1996)). The court has no basis for recharacterizing the plaintiff's claim as one "to recover benefits due" or "to enforce ... rights under the terms of the plan."

In *Wilcott,* the Tenth Circuit held that a plaintiff's action for breach of an employment agreement[2] did not depend on any legal rights enforceable under the ERISA plan and, thus, was not related to the ERISA plan:

> The basis for relief here is an employment agreement enforceable independently of any additional legal rights plaintiff may have had under the ERISA plan. Thus, it cannot be said the "the existence of a[n] [ERISA] plan is a critical factor in establishing [defendants'] liability." *Ingersoll–Rand Co.,* 498 U.S. at 139–40, 111 S.Ct. 478, or that plaintiff is simply "resorting to state law to avail [himself] of an alternative cause of action to collect [ERISA] benefits," *Airparts Co.,* 28 F.3d at 1065. On the contrary, these "run-of-the-mill state-law claims," *Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 833, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), are essentially indistinguishable from the contract claim this court held not preempted in *Krause* [*v. Dresser Industries, Inc.*], 910 F.2d [674] at 680 [(10th Cir.1990) ].

---

**2.** The plaintiff there alleged that he had a continuing employment contract and that the defendant breached it by arbitrarily terminating without considering his job performance. *Wilcott,* 64 F.3d at 1463.

64 F.3d at 1463. "*Wilcott* is determinative. Plaintiff alleges all the necessary elements of the breach of contract ... claim without alleging the existence of an ERISA plan." *Watts v. Yellow Technology Servs., Inc.*, No. 97–2519–GTV, 1997 WL 756628, at *3. Menninger's liability here does not depend upon the existence of its severance pay and benefit package. For that matter, Thurkill could prevail in proving his claim regardless of the existence of Menninger's severance plan. *See Brown v. United Parcel Service*, 940 F.Supp. at 294. It is not sufficient for preemption that the plaintiff's claim may economically impact Menninger's severance plan.

For all the above reasons, the court concludes that ERISA does not preempt, completely or otherwise, the plaintiff's action. Lacking subject matter jurisdiction, the court must remand this case.

IT IS THEREFORE ORDERED that the plaintiff's motion to remand (Dk.5) is granted, and the action is remanded to the District Court of Shawnee County, Kansas. The Clerk is directed to mail a certified copy of this order to the Clerk of the Shawnee County District Court..