**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 20 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN S. KARLS,

        Plaintiff - Appellant,

v.

TEXACO, INC.,

        Defendant - Appellee.

No. 04-4110
(D.C. No. 2:03-CV-775-TS)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **McCONNELL** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Plaintiff John S. Karls appeals the district court's order dismissing this
action for failure to allege exhaustion of administrative remedies, as required for

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

claims under the Employee Retirement Income Security Act (ERISA). Mr. Karls also objects to the district court's threshold ruling that ERISA preempted the tort claims he asserted, which the district court accordingly refused to remand to state court where he originally filed them. We review these matters *de novo*, *Allison v. UNUM Life Ins. Co. of Am.*, 381 F.3d 1015, 1025 (10 th Cir. 2004); *Kinkead v. S.W. Bell Corp. Sickness & Accident Disability Benefit Plan*, 111 F.3d 67, 68 (8 th Cir. 1997), and affirm for the reasons explained below.

The complaint alleged that Mr. Karls worked for defendant Texaco, Inc. from May 1974 to December 1987 and, as part of his remuneration, he was promised a pension. In January 2003, Mr. Karls telephoned the agent administering Texaco's pension obligations to request payment of his monthly pension benefit beginning March 1, 2003. By the time Mr. Karls obtained the requisite application forms, he had been told the earliest start date he could expect was May 1. A disagreement arose subsequently over the proper amount of monthly benefit to be paid. Mr. Karls requested additional information about the expected benefit, but received no response. When he had not received any payments by the first of August, he filed suit in state court in Utah.

The complaint asserts Texaco "breached its employment contract with the plaintiff and committed fraud" by specifying a benefit start-date of May 1, 2003, rather than March 1, 2003; refusing to explain why the monthly benefit, after

-2-

reduction for a "QDRO" (qualified domestic relations order), would be $495.97 rather than the $552.75 Mr. Karls thought it should be; and failing to commence monthly benefit payments by the time suit was filed. R. vol. I, doc. 1, ex. A, Complaint at 10. Texaco removed the case to federal court on the ground that it was preempted by ERISA, which provided federal question jurisdiction for removal under 28 U.S.C. §1441(b). Texaco then moved to dismiss for failure to exhaust administrative remedies, a prerequisite to suit under ERISA. *See generally Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10 th Cir. 1999) (explaining judicially-created exhaustion doctrine in ERISA context). Mr. Karls moved to remand, arguing that his complaint did not mention a specific pension plan to which ERISA could apply, and that, in any event, he was hired and promised a pension benefit before ERISA took effect on January 1, 1975. *See* 29 U.S.C. § 1144(a), (b)(1). The district court denied the motion for remand and granted the motion to dismiss in a single order. This appeal followed.

Mr. Karls objects to the denial of his motion for remand for two related reasons: "Even if an ERISA plan is involved," [1] (1) "ERISA pre-emption does not

---

[1] These objections do not deny the existence of an ERISA plan. But, with respect to the exhaustion ruling we consider later, Mr. Karls does challenge, for lack of authentication, the particular plan attached to Texaco's motion to dismiss. Such an *evidentiary* challenge is, however, irrelevant to the *pleading* issues raised here. *See Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 508 (10 th Cir. 1991) (affirming ERISA preemption ruling at pleading stage, and explaining

(continued...)

apply retroactively to 'any cause of action' arising prior to January 1, 1975"; and

(2) "ERISA pre-emption does not apply retroactively to 'any act' which occurred

prior to January 1, 1975." Aplt. Br. at 14, 17 (quoting 29 U.S.C. § 1144(b)(1)).

The district court rejected both contentions because the only relevant event that

took place before January 1, 1975, i.e., Mr. Karls' employment with a promise of

pension benefits by Texaco in 1974, "while significant, did not give rise to the

causes of action at hand. Instead, the causes of action accrued when Texaco

committed its alleged frauds and breaches of contract, which the Complaint places

around 2003." R. vol. I, doc. 23, at 4. We affirm that determination.

Courts applying § 1144(b)(1) have agreed that a cause of action does not

arise until a claim for benefits under the plan has been formally made and denied.

*See* *Stevens v. Employer-Teamsters Joint Council No. 84 Pension Fund*, 979 F.2d

444, 450-51 (6 th Cir. 1992) (citing *Rodriguez v. MEBA Pension Trust*, 872 F.2d

---

[1](...continued)
immateriality of lack of evidence where "complaint alleged sufficient facts for the district court to determine whether it gave rise to the defense of ERISA preemption"). The issue we must decide is whether the complaint alleges an ERISA plan – i.e., sets out factual circumstances from which a benefit, beneficiary, source, and procedure can be reasonably ascertained. Mr. Karls' complaint, which alleges a monthly pension benefit to be paid to him as a former employee by Texaco's pension administrator upon submission of application forms provided to him in May 2003, suffices to set out the elements of an ERISA plan. *See Sipma v. Mass. Cas. Ins. Co.*, 256 F.3d 1006, 1012 (10 th Cir. 2001). Mr. Karls cannot sidestep the legal consequences of his substantive allegations simply by avoiding explicit reference to a particular ERISA plan in his pleadings.

69, 72 (4 th Cir. 1989), which cites cases from four other circuits). Thus, Mr. Karls' cause of action clearly arose in 2003, long after ERISA became effective.

That leaves Mr. Karls' second contention, that ERISA does not apply because the case rests on predicate acts taken prior to 1975. The courts have not agreed on the proper analysis of this point: some hold that the relevant act *is* the denial of benefits, which essentially collapses the claim-accrual and predicate-act provisos of § 1144(b)(1) into a single inquiry; others hold that if the operative act underlying the cause of action occurred before the effective date, ERISA does not apply even if the cause of action accrued later. *See Stevens*, 979 F.2d at 451-52 (discussing rival views). This court has not addressed the matter in a published decision. We need not resolve the larger question here because even under the latter approach, this case falls within the preemptive scope of ERISA.

The breach of contract/fraud allegations asserted by Mr. Karls relate to the *administration* of his benefit request *in 2003*: the confusion surrounding, and ultimate postponement, of the start date he requested; Texaco's refusal to explain (through its agent administering the pension plan) why his monthly benefit was to be $495.97 instead of $552.75; and Texaco's failure to commence payment of the monthly benefit by the time suit was filed. On appeal, Mr. Karls alludes to his claims at times as if they involved fraud in the inducement and, thus, related to the time of the induced action (his acceptance of employment with Texaco) rather

than the time the fraudulent nature of the inducement came to light (when the promised benefit failed to materialize). But that is simply not what he pled. The complaint is devoid of any allegations that Texaco contemporaneously intended to renege on the pension promised at the time of his hire. Rather, the complaint focuses solely on objections to the administration of his pension claim after he requested the benefit in 2003. Thus, the factual and legal bases of this case clearly place it within the temporal reach of ERISA.

Turning to the dismissal of the action on exhaustion grounds, Mr. Karls advances two objections to the district court's disposition. First, he argues that the ERISA exhaustion requirement is inapplicable because he did not assert any ERISA claims. This argument rests primarily on the success of his position with respect to the preemption/retroactivity issue, which we have already rejected. He also appears to contend that his claims did not implicate ERISA in the first place, because he alleged fraud and breach of contract under state law, not the violation of ERISA duties. It is well-established, however, that "common law tort and breach of contract claims are preempted by ERISA if the factual basis of the cause of action involves an employee benefit plan." *Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 509 (10th Cir. 1991); *see, e.g.*, *Milton v. Scrivner, Inc.*, 53 F.3d 1118, 1121 n.3 (10th Cir. 1995) (holding claims "alleging fraud with intent to deprive plaintiff of retirement benefits . . . preempted by ERISA"); *Pacificare*

*of Okla., Inc. v. Burrage*, 59 F.3d 151, 155 (10 th Cir. 1995) (holding claim "alleging negligent or fraudulent administration of [benefit] plan is preempted by ERISA").

Second, Mr. Karls argues that the exhaustion ruling was predicated on unproven facts, because the only evidence of Texaco's pension plan and the remedies it afforded was the unauthenticated document referred to in footnote 1 above. As explained there, however, this evidentiary issue is beside the point in reviewing a dismissal on the pleadings – the district court held that Mr. Karls had failed even to allege exhaustion (or cure the omission following Texaco's motion to dismiss), not that exhaustion had been alleged but tested on summary judgment and affirmatively disproven. *See* R. vol. I, doc. 23, at 5 ("Mr. Karls neither alleges in his Complaint that he did [exhaust], nor refutes the charge [of this omission] in his Opposition to the Motion to Dismiss"). Under the circumstances, the matter was properly decided on the pleadings.[2] *See, e.g., Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160-61 (11 th Cir. 1992); *Potter v. ICI Ams., Inc.*, 103 F.Supp.2d 1062, 1065-67 & n.2 (S.D. Ind. 1999).[3]

---

[2] We do not wish to give the impression that Mr. Karls would have prevailed if the plan submitted by Texaco had been considered and the dismissal proceeding converted to summary judgment. On the contrary, the plan specifies a claim and review procedure that had not been completed by Mr. Karls when he filed suit.

[3] We deny Mr. Karls' "Motion to Strike Copy of Alleged Retirement Plan and References Thereto" as moot. We likewise deny Mr. Karls' "Motion to Strike
(continued...)

The judgment of the district court is      **AFFIRMED** .


                              Entered for the Court



                              Stephanie K. Seymour
                              Circuit Judge

---

[3](...continued)
False Statement Regarding Payments," which refers to a statement in Texaco's brief indicating post-suit commencement of his monthly pension benefit with a lump sum payment for benefits accrued since May 2003.  That statement is irrelevant to this appeal.