ANB BANKCORP, INC., Plaintiff,

v.

The EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES and Mike E. Simmons, Defendants.

No. 99–CV–469–K.

United States District Court, N.D. Oklahoma.

March 1, 2000.

Thomas H. Gudgel, III, Stauffer Rainey Gudgel & Hathcoat, Tulsa, OK, Neal E. Stauffer, Kent Bolling Rainey, Stephen Michael Coates, Stauffer, Rainey, Gudgel & Hathcoat, Tulsa, OK, for ANB Bankcorp, Inc., plaintiff.

Kelley Charles Callahan, Crowe & Dunlevy, Oklahoma City, OK, Terry Joe Tarwater, Crowe & Dunlevy, Tulsa, OK, David R. Levin, Tess J. Ferrera, Kilpatrick, Stockton PC, Washington, DC, for Equitable Life Assurance Society of United States, defendant.

John Bruce Stuart, Wagner, Stuart & Cannon, Tulsa, OK, for Mike E. Simmonds, defendant.

## ORDER

KERN, Chief Judge.

Before this Court is Plaintiff's motion to remand. Plaintiff commenced this action in Creek County District Court alleging the following. In 1993, plaintiff had an existing Employee Stock Ownership/401K plan, but was considering the implementation of new plan in order to improve the rate of return for its employees, allow for employee-directed investments and allow for employee loans. Plaintiff contacted defendants (a financial service provider and its agent) among other, to receive general information. In the course of negotiations,

plaintiff emphasized to defendants the desire of plaintiff to maintain the Employee Stock Ownership Plan (ESOP) aspect.

Plaintiff alleges that, based on defendants' representations that the new plan contained the appropriate ESOP provisions and 401K Plan provisions, plaintiff selected one of defendants' plans in reliance on defendants' expertise and representations. Plaintiff alleges that, unknown to plaintiff, the new plan did not in fact contain necessary and appropriate ESOP provisions. This omission, plaintiff alleges, has resulted in the new plan failing to meet Internal Revenue Code requirements governing employee pension plans and has caused plaintiff to incur Internal Revenue Service penalties, in addition to attorney fees and accounting fees.

Plaintiff's petition filed in state court alleges state law claims of negligence, fraud in the inducement, negligent misrepresentation, breach of fiduciary duty, reformation of contract, deceptive trade practice and unjust enrichment. Defendants removed the action to this Court on the basis that all of plaintiff's claims were preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 101 et seq. Plaintiff filed an amended complaint in this Court, deleting the claim for reformation of contract. Plaintiff now moves to remand, arguing against ERISA preemption.

 Under 29 U.S.C. § 1144(a), state laws which relate to employee benefit plans are preempted by ERISA. Such laws relate to ERISA when they have a connection with or reference to the plan. *Shaw v. Delta Air Lines*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The Tenth Circuit has concluded that ERISA will preempt state common law claims where the factual basis for the claim involves an employee benefit plan. *Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 509 (10th Cir.1991). It will not, however, preempt state claims which only tangentially involve such a plan. What triggers ERISA preemption is an effect on the primary administrative functions of benefit plans, such as determining an employee's eligibility for a benefit and the amount of that benefit. *Airparts Co. v. Custom Benefit Services of Austin*, 28 F.3d 1062, 1065 (10th Cir.1994).

 Plaintiff argues that the case is governed by *Woodworker's Supply, Inc. v. Principal Mut. Life*, 170 F.3d 985 (10th Cir.1999). In that instance, plaintiff sued its former insurer for unfair trade practices and fraud. Defendant had provided plaintiff contingent premium insurance, a plan which offered greater premium payment flexibility in exchange for slightly higher maximum liability. Because defendant failed to fully disclose its rate calculation methods, however, plaintiff received a large and unexpected surcharge and rate increase after its first year of coverage. Plaintiff sued, claiming that defendant had fraudulently induced it to obtain the coverage. The Tenth Circuit rejected defendant's argument that ERISA preempted plaintiff's pre-plan fraud claims against the insurer. A state's "efforts to prevent sellers of goods and services, including benefit plans, from misrepresenting ... the scope of their services is 'quite remote from the area with which ERISA is expressly concerned—reporting, disclosure, fiduciary responsibility and the like.'" *Id.* at 992. The court noted that plaintiff was suing defendant with respect to its pre-plan activity in its role as a seller of insurance, "not as an administrator of an employee benefits plan." *Id.* at 991.

In response, defendant argues that this is a lawsuit over the administration of a benefit plan, because the IRS penalties referenced in the petition are only triggered when the plan is improperly administered. Thus, defendant contends, plaintiff's are alleging an operational failure of plan administration and thereby implicating ERISA.

The Court agrees with plaintiff. The issue involved has generated a split of authority, but the *Woodworker's* decision has settled the issue within the Tenth Circuit. Under defendant's theory, once a

fraudulently-induced plan is put into operation, by definition the fraud is subsumed into the "administration" of the plan and the broad sweep of ERISA preemption. The Court is not persuaded that such a reading comports with Congressional intent or the *Woodworker's* case, which is of course binding on this Court.

The Court wishes to touch briefly upon another issue. As noted, the state court petition alleged a claim for reformation of contract, which was deleted by the Amended Complaint filed in this Court. Defendant has noted that a claim seeking to reform this contract would necessary involve reformation of the plan itself, which is a cause of action preempted by ERISA. Defendant has not raised the argument that the amended complaint, dropping this claim, is ineffectual to deprive this Court of jurisdiction. However, had the argument been made, the Court would have rejected it. The amended complaint is not an attempt at forum manipulation but merely a "legitimate attempt to try [plaintiff's] state law claims in the forum of [its] choice." *Giles v. NYLCare Health Plans, Inc.,* 172 F.3d 332, 340 (5th Cir.1999). *Cf. Moscovitch v. Danbury Hosp.,* 25 F.Supp.2d 74, 79 (D.Conn.1998).

It is the Order of the Court that the motion of the plaintiff to remand (# 8) is hereby GRANTED. Pursuant to 28 U.S.C. § 1447(c), this action is hereby REMANDED to the District Court for Creek County, State of Oklahoma.