66 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John C. HUDSON, Plaintiff-Appellant,
v.
AETNA LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 94-6392.
(D.C.No. CIV-93-1490-L).
 United States Court of Appeals, Tenth Circuit.
 Sept. 13, 1995.
 
 Before MOORE, SETH, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 MOORE
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's grant of summary judgment on his claim for recovery of benefits brought under the Employee Retirement Income Security Act (ERISA). The district court found that plaintiff's claim for disability benefits was barred by the doctrine of res judicata and granted summary judgment in favor of defendant. Because we are unable to determine on the record before us whether res judicata applies, we must remand this case to the district court.
 
 
 3
 Plaintiff was employed by KFC National Management Co. (KFC), a subsidiary of Pepsico, Inc. Pepsico established an employee benefit plan that provided for disability benefits; the plan was governed by ERISA. The plan identifies Pepsico as the plan administrator and states that the long term disability plan is administered through an arrangement with defendant, Aetna. The plan also contains a procedure for making claims. Plaintiff filed suit in Oklahoma state court to recover disability benefits under the plan, and the action was removed to federal district court.
 
 
 4
 The district court entered summary judgment in favor of defendant based on its determination that plaintiff's claim for disability benefits under the ERISA plan was barred by the doctrine of res judicata. The district court found that a stipulation of dismissal with prejudice, entered in a state court action brought by plaintiff against his employer for wrongful termination, precluded the ERISA disability benefit claim brought in this underlying action. In addition to the res judicata basis relied on by the district court, defendant suggests that an alternative basis for affirmance is that a settlement release executed by plaintiff (in connection with the stipulation for dismissal in the state court wrongful termination action) bars plaintiff's claim for disability benefits against defendant.
 
 
 5
 We review the district court's grant of summary judgment de novo to determine if there is a genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Similarly, our review of the district court's determination that plaintiff's claim is res judicata is de novo. Clark v. Haas Group, Inc., 953 F.2d 1235, 1237 (10th Cir.), cert. denied, 113 S.Ct. 98 (1992).
 
 Res Judicata
 
 6
 "Under the doctrine of res judicata, a final judgment on the merits of an action bars the parties from relitigating not only the adjudicated claim but also any theories or issues that were actually decided or could have been decided in that action." Wilson v. Kane, 852 P.2d 717, 722 (Okla.1993)(footnotes omitted). Under Oklahoma law, the elements of claim preclusion/res judicata are: "1) an identity of subject matter, of the parties or their privies, of the capacity of the parties and of the cause of action; 2) the court which heard the original action must have been one of competent jurisdiction; and 3) the judgment rendered must have been a judgment on the merits of the case and not upon purely technical grounds." Carris v. John R. Thomas & Assocs., P.C., 896 P.2d 522, 527 (Okla.1995) (footnotes omitted).
 
 
 7
 This court has held that "an ERISA cause of action accrues when an application for benefits is denied." Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197, 1205 (10th Cir.1990). "Therefore, exhaustion of administrative (i.e., company- or plan-provided) remedies is an implicit prerequisite to seeking judicial relief." Id. at 1206. In this case, we are unable to determine on the record before us if or when plaintiff's ERISA claim for recovery of benefits accrued. Plaintiff does not claim (and, in fact, defendant specifically disclaims) that he followed the claim procedure set out in the plan. The record contains no indication that plaintiff ever filed a claim for disability benefits pursuant to the plan claim procedure, let alone that his claim was denied. If plaintiff did not, in fact, exhaust his administrative remedies by following the claim procedure set out in the plan, his ERISA claim has not yet accrued. In that case, res judicata would not be a bar to the claim because, if the claim has not accrued, it could not possibly have been decided in the state court action that was dismissed in 1993.[2]
 
 Release
 
 8
 As an additional or alternative basis for affirmance, defendant argues that the release plaintiff executed in the state court wrongful termination suit in connection with the stipulation of dismissal prohibits plaintiff from asserting a claim for plan benefits. This argument is unavailing however, for the same reason that thwarts the application of res judicata. The release provides that
 
 
 9
 [i]t is the intention of Hudson to forever and completely release, acquit, and discharge KFC from any and all causes of action and/or claims of liability, injury, and/or harm of any type, arising out of or relating in any way to Hudson's employment, separation from employment, and/or post employment relationship with KFC accrued to date.
 
 
 10
 Addendum to Appellee's Supp.App. at 113-14 (emphasis added). Again, plaintiff's claim for recovery of benefits only accrues upon denial of an application for benefits and implicitly requires exhaustion of administrative remedies. If plaintiff did not exhaust the plan claim procedure, his claim has not yet accrued and the release executed in February 1993 would not prohibit the ERISA claim. See also Wright v. Southwestern Bell Tel. Co., 925 F.2d 1288, 1293 (10th Cir.1991)(holding that release could not have constituted knowing and voluntary waiver of right to sue under ERISA because it was impossible for either party to have known of claim when release was signed, as ERISA claim was not asserted until subject lawsuit was filed).
 
 
 11
 In sum, because we are unable to determine on the record before us if plaintiff exhausted his plan administrative remedies and, ultimately, if and when his cause of action accrued, we must remand this case to the district court.[3] If, as defendant represents, plaintiff has not complied with the plan claim procedure and exhausted his administrative remedies, then his cause of action for recovery of benefits under 29 U.S.C. 1132(a)(1)(B) has not yet accrued and his claim cannot be barred by either res judicata or the release. In that event, his claim for judicial relief would not yet be ripe and should be dismissed.
 
 
 12
 The judgment of the United States District Court for the Western District of Oklahoma is REVERSED and the case is REMANDED to the district court for further proceedings consistent with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The record on appeal does not contain plaintiff's complaint. We can only assume, therefore, that plaintiff seeks recovery of benefits under 29 U.S.C. 1132(a)(1)(B). Defendant's brief represents this is so, and we find no indication to the contrary in the record. If, on remand, the district court finds that plaintiff makes claims based on 1140, it is free to reexamine the res judicata issue because an ERISA cause of action under 1140 arises upon discharge " 'for the purpose of interfering with the attainment of any right to which [a plan participant or beneficiary] may become entitled under the plan.' " Held, 912 F.2d at 1205 (quoting 29 U.S.C. 1140). As to claims predicated upon 1140, therefore, "a plaintiff need not exhaust administrative remedies prior to bringing an action." Id
 
 
 [3]
 On remand, if the district court finds that plaintiff did not exhaust his administrative remedies under the plan, it is, of course, free to examine whether exhaustion should be excused because of futility. See Variety Children's Hosp., Inc. v. Century Medical Health Plan, Inc., 57 F.3d 1040, 1042 n. 2 (11th Cir.1995). We note, however, that plaintiff makes no allegation on appeal of futility of exhaustion