Sheera CLARK, Plaintiff,

v.

HUMANA KANSAS CITY, INC. and CMG Health, Defendants.

No. 97–2208–JWL.

United States District Court, D. Kansas.

Aug. 5, 1997.

Michael L. Hodges, Lenexa, KS, for Sheera Clark.

J. Nick Badgerow, Karen Kessler Cain, Spencer, Fane, Britt & Browne, Overland Park, KS, for Humana Kansas City, Inc.

Kristopher A. Kuehn, Scott R. Ast, Blackwell, Sanders, Matheny, Weary & Lombardi, L.L.P., Overland Park, KS, for CMG Health.

## *MEMORANDUM AND ORDER*

LUNGSTRUM, District Judge.

This action involves claims by plaintiff against defendant Humana Kansas City, Inc. (Humana) under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461, a negligence claim against defendant CMG Health (CMG), and an outrage claim against both defendants. This matter is presently before the court on defendants' motions to dismiss (Doc. 10, 11). The court grants CMG's motion to dismiss the claims against it because those claims are preempted by ERISA; the court will allow plaintiff to amend her complaint, however, to add a claim against CMG for breach of fiduciary duty under ERISA. Humana's motion to dismiss is granted in part and denied in part. The court grants the motion with respect to the outrage claim against Humana, which is preempted by ERISA. The motion is denied with respect to the ERISA claims, although the case will be stayed to allow plaintiff to exhaust her administrative remedies. Plaintiff will not be permitted to amend her complaint to assert a common-law claim against Humana because such a claim would be preempted.

### I. Standard for Motions to Dismiss

Dismissal of a cause of action for failure to state a claim is appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle her to relief, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Fuller v. Norton,* 86 F.3d 1016, 1020 (10th Cir.1996), or where an issue of law is dispositive. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Fuller,* 86 F.3d at 1020. All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. *Jojola v. Chavez,* 55 F.3d 488, 494 n. 8 (10th Cir.1995) (citing *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984)). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

### II. ERISA Claims—Exhaustion of Administrative Remedies

According to the complaint, Humana issued plaintiff a policy of health insurance, which insurance plan was governed by ERISA. In Count I, plaintiff has brought a claim against Humana to recover benefits allegedly due under the plan, pursuant to section 502 of ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff has alleged as follows:

5. That plaintiff made due proof of loss to the defendant [Humana] and did each

and everything required of her to be done to entitle plaintiff to authorization for medical treatment and for payment of such treatment under the provisions of said plan, and has demanded authorization for medical treatment and for payment of such treatment by the defendant Humana and the defendant Humana has failed to authorize necessary medical treatment and has failed and refused to pay said sums or any sum.

In Count II, plaintiff has alleged that Humana was a fiduciary under ERISA and that, "when defendant Humana denied plaintiff authorization and payment for necessary medical treatment, defendant Humana violated [its] fiduciary duty to administer the plan solely in the interest of its participants and beneficiaries under 29 U.S.C. [§] 1104." [1]

Humana moves to dismiss plaintiff's ERISA claims, arguing that plaintiff has failed to allege compliance with the prerequisite of exhaustion of administrative remedies. Plaintiff appears to concede in her response that she did not in fact comply with the procedures set forth in the plan to request that Humana review its decision to deny plaintiff benefits.

ERISA does not expressly require exhaustion. In the Tenth Circuit, however, the "exhaustion of administrative remedies is an implicit prerequisite to seeking judicial relief under § 1132(a)(1)(B)." *Gaylor v. John Hancock Mutual Life Ins. Co.*, 112 F.3d 460, 467 (10th Cir.1997) (citing *Held v. Manufacturers Hanover Leasing Corp.* 912 F.2d 1197, 1206 (10th Cir.1990)). Thus, plaintiff was required to exercise her rights of review

under her policy before bringing Count I of her complaint.

■  Plaintiff argues, however, that she is excepted from the exhaustion requirement because she was wrongfully denied meaningful access to Humana's review procedures. *See Caldwell v. Western Atlas Int'l*, 871 F.Supp. 1392, 1396 (D.Kan.1994) (recognizing such an exception to the ERISA exhaustion requirement) (citing *Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 891 F.2d 842, 846 (11th Cir.1990)).[2] Plaintiff states in her brief that, despite her repeated requests, she did not receive a copy of the plan for more than a year after the denial of benefits and that she was never aware of the grievance procedures. Plaintiff has not provided an affidavit or any other evidence in support of such statements, however. Moreover, Humana insists that plaintiff received a copy of her contract on numerous occasions. The court concludes that plaintiff has failed to establish that she was denied meaningful access to Humana's administrative review procedures. *See id.* at 1397. Accordingly, plaintiff is not exempt from the exhaustion requirement, and her claim is premature.

The court will, however, grant plaintiff's request to stay proceedings until she has exhausted her administrative remedies. *See id.* (staying case in furtherance of judicial economy, instead of dismissing ERISA claim). The court orders that proceedings in this matter be stayed until plaintiff has exhausted her administrative remedies under the plan. Humana's motion is thus denied with respect to the ERISA claims.[3]

---

1. The court assumes that plaintiff's breach of fiduciary duty claim is brought pursuant to 29 U.S.C. § 1132(a)(2), which permits a civil action by a plan participant or beneficiary for relief under 29 U.S.C. § 1109. Section 1109, in turn, provides that a fiduciary who breaches a duty imposed in that subchapter (which includes section 1104) shall be personally liable for resulting losses to the plan. 29 U.S.C. § 1109(a).

2. The Tenth Circuit has suggested that exhaustion may also be excused because of futility. *Hudson v. Aetna Life Ins. Co.*, 1995 WL 541644, at *2 n. 3 (10th Cir. Sept.13, 1995). Plaintiff has not asserted that such exception should apply here, however.

3. The court agrees with plaintiff that her claim for breach of fiduciary duty under ERISA is not subject to an exhaustion requirement. *See Held*, 912 F.2d at 1204 (distinguishing claims based on statutory violations from claims for benefits). The court rejects plaintiff's argument, however, that because her two ERISA claims are so closely related, the court should in its discretion dispense with the exhaustion requirement for Count I. *See Bartz v. Carter*, 709 F.Supp. 827, 829 (N.D.Ill.1989). The court concludes that plaintiff's interest is sufficiently protected by the imposition of the requested stay.

## III. ERISA Preemption

### A. Preemption Generally

Under section 514 of ERISA, state laws are preempted if they "relate to" an ERISA plan. 29 U.S.C. § 1144(a); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983). The preemption clause is conspicuous for its breadth, and the words "relate to" are given a broad meaning. *FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403, 407–08, 112 L.Ed.2d 356 (1990); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987); *Shaw*, 463 U.S. at 98, 103 S.Ct. at 2900–2901. A law "relates to" an ERISA plan "if it has a connection with or reference to such a plan." *Shaw*, 463 U.S. at 96–97, 103 S.Ct. at 2900; *accord FMC Corp.*, 498 U.S. at 58, 111 S.Ct. at 407–08.

ERISA's preemption clause does not apply only to state laws specifically designed to affect ERISA plans. *FMC Corp.*, 498 U.S. at 58, 111 S.Ct. at 407–08; *Shaw*, 463 U.S. at 98, 103 S.Ct. at 2900–2901; *see also Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 141, 111 S.Ct. 478, 483–84, 112 L.Ed.2d 474 (1990) (preemption is not limited only to those laws that affect a plan's terms, conditions, or administration). Nor is preemption limited to state laws dealing with subject matters covered by ERISA. *FMC Corp.*, 498 U.S. at 58, 111 S.Ct. at 408; *Shaw*, 463 U.S. at 98, 103 S.Ct. at 2900–2901. Some laws, however, may affect an ERISA plan "in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. ERISA's preemption clause does not affect only state statutes; common law claims are also preempted if they relate to an ERISA plan. *See Ingersoll–Rand*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474; *Pilot Life*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39.

The Tenth Circuit has followed the Supreme Court in reading the preemption clause broadly. *Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 509 (10th Cir.1991). Under the standard applied in this circuit, "common law tort and breach of contract claims are preempted by ERISA if the factual basis of the cause of action involves an employee benefit plan." *Id.*

### B. Outrage Claim Against Humana

█ In Count IV of her complaint, plaintiff has brought a claim against Humana for damages for emotional distress, based on Humana's denial of benefits. Humana argues in its motion to dismiss that this claim is preempted by ERISA. Plaintiff responds that its outrage claim does not relate to her plan because the claim is not for benefits, the claim is not based on the terms of the plan, and ERISA does not contain a provision for emotional distress damages. Plaintiff relies on *Kelly v. International Business Machines Corp.*, 573 F.Supp. 366 (E.D.Pa.1983), in which a district court held that ERISA did not preempt a state law claim for intentional infliction of emotional distress.

The court declines to follow *Kelly;* instead, the court concludes that this claim is preempted by ERISA. In Pilot Life, the Supreme Court held that common law tort and contract claims alleged there, by which the plaintiff asserted the improper processing of a claim for benefits under a benefit plan, did relate to the plan and were therefore preempted by ERISA. 481 U.S. at 47–48, 107 S.Ct. at 1552–53. The plaintiff in that case had sought damages for mental and emotional distress. *Id.* at 43, 107 S.Ct. at 1550–51.

In *Settles*, the plaintiff sought damages resulting from the termination of benefits under an ERISA plan. 927 F.2d at 507. The plaintiff's common law causes of action included the tort of outrage under Kansas law. *Id.* The Tenth Circuit held that the claims were preempted by ERISA. *Id.* at 509. The court noted that the alleged injury directly resulted from the termination of plan benefits, and it concluded that, even though the plaintiff was not seeking benefits, the claims related to the plan because they required a finding that coverage was wrongfully terminated. *Id.*

In alleging the tort of outrage in this case, plaintiff seeks to recover damages for injuries that resulted from Humana's denial of benefits under an ERISA plan. Liability on this claim requires a finding that Humana

did in fact wrongfully deny plaintiff benefits; accordingly, the factual basis for the claim involves an ERISA plan. Under *Pilot Life and Settles,* such claim relates to an ERISA plan and is therefore preempted. Moreover, the fact that ERISA does not provide for emotional distress damages is immaterial to this issue. *See Cannon v. Group Health Service of Okla., Inc.,* 77 F.3d 1270, 1274–75 (10th Cir.1996) (rejecting argument that claim is not preempted if no alternative remedy exists under ERISA). In *Settles,* the Tenth Circuit made clear that ERISA preempts outrage claims based on benefit determinations.

The court therefore grants Humana's motion to dismiss as it relates to plaintiff's emotional distress claim against Humana.

### C. Claims Against CMG

■ In Count III of her complaint, plaintiff has alleged that CMG "was negligent in the manner [it] provided psychiatric screening to the plaintiff" and that such negligence caused injuries to plaintiff. In Count IV, plaintiff has alleged that CMG's conduct was reckless and caused plaintiff severe emotional distress. CMG now moves to dismiss both claims, arguing that they are preempted by ERISA.

Plaintiff argues that her claims do not relate to the plan. She stresses that she does not seek to recover unpaid benefits, but rather seeks compensatory damages for negligence. Plaintiff would liken her claim to a medical malpractice claim against a doctor treating someone under a plan. *See Pacificare of Okla., Inc. v. Burrage,* 59 F.3d 151, 155 (10th Cir.1995) (ERISA does not preempt malpractice claims against treating physicians).

CMG argues that plaintiff seeks damages for CMG's failure to authorize benefits under the plan after screening plaintiff. As discussed above, under *Pilot Life* and *Settles,* claims for damages resulting from benefit decisions are preempted. Moreover, the Tenth Circuit has stated that "[w]hat triggers preemption is not just any indirect effect on administrative procedures but rather an effect on the primary administrative functions of benefits plans, such as determining an employee's eligibility for a benefit and the

amount of that benefit." *Monarch Cement Co. v. Lone Star Indus.,* Inc., 982 F.2d 1448, 1452 (10th Cir.1992). Thus, CMG argues that any claim based on its determination of plaintiff's eligibility for benefits under her plan is preempted.

Although the Tenth Circuit has not addressed this precise situation, the Fifth Circuit has. *See Corcoran v. United Health-Care, Inc.,* 965 F.2d 1321 (5th Cir.), cert. denied, 506 U.S. 1033, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992). In *Corcoran,* the plaintiff was denied authorization for hospitalization during her pregnancy, and the fetus subsequently died at home. *Id.* at 1324. The plaintiff brought state law tort claims against United, a company that performed a prospective review for the plan provider of the necessity of medical care for participants. *Id.* at 1326–27. In asserting that the claims were preempted by ERISA, United argued that it had not really made a medical decision, but had merely determined what benefits the plaintiff would receive under the plan; conversely, the plaintiff argued that it sought to recover not with respect to an administrative determination about benefits, but rather for an erroneous medical decision. *Id.* at 1329–30.

The court concluded that in such a system of "utilization review", United did make medical decisions, but it did so "in the context of making a determination about the availability of benefits under the plan." *Id.* at 1331. Thus, the Fifth Circuit held that because the plaintiff was "attempting to recover for a tort allegedly committed in the course of handling a benefit determination," the principle of *Pilot Life* applied, and the claims were preempted. *Id.* at 1332. The court also noted that Congress's intent to create a uniform body of benefits law would be undermined by a contrary result, with the attendant risk that "state liability rules would be applied differently to the conduct of utilization review companies in different states," which would in turn affect plans' costs. *Id.* at 1333.

The Sixth Circuit reached the same result in *Tolton v. American Biodyne, Inc.,* 48 F.3d 937 (6th Cir.1995). There the court conclud-

ed that claims stemming from a refusal to authorize psychiatric benefits upon utilization review were preempted under *Pilot Life. Id.* at 942. The court rejected the plaintiff's argument that the claims should not be held preempted because there was no adequate remedy under ERISA. *Id.* at 943.

Finally, the Third Circuit has agreed with *Corcoran* that claims against a third party who plays a role in an ERISA plan may be preempted. *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir.1995). In *Dukes*, the court concluded that the claims at issue there were not preempted by ERISA because the third party did not deny benefits, but was alleged to have been negligent in arranging for treatment. *Id.* at 360–61; *see also Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490, 1490 n. 5 (7th Cir. 1996) (relying on Corcoran for proposition that a negligence claim against a utilization review administrator is properly recharacterized as a claim under ERISA).

The court concurs with the well-reasoned analysis by the Fifth Circuit in *Corcoran* and concludes that the Tenth Circuit would reach the same result in this case. Plaintiff has not asserted a claim against CMG for negligence in treating her or in arranging for treatment; rather, plaintiff alleges negligence by CMG in screening her for Humana for purposes of administering the plan. Plaintiff essentially seeks to recover from CMG for injuries resulting from CMG's determination of the availability of benefits for plaintiff under the plan, and the basic principle from *Pilot Life* and *Settles* therefore applies. In the language of the Tenth Circuit, preemption is triggered here because the claims are based on CMG's "determining an employee's eligibility for a benefit." *Monarch*, 982 F.2d at 1452.

Plaintiff relies on *Airparts Co. v. Custom Benefit Services of Austin, Inc.*, 28 F.3d 1062 (10th Cir.1994), but that case may be readily distinguished. Unlike the present case, *Airparts* involved common law tort claims by an employer and the co-trustees of the employer's ERISA plan against an outside firm hired to consult on the plan. *Id.* at 1064. The court concluded that the claims did not relate to the ERISA plan. *Id.* at 1065. The

court stated that state laws of negligence, indemnity, and fraud are "laws of general application—not specifically targeting ERISA plans—that involve traditional areas of state regulation." *Id.* at 1066. The court determined that preemption was not appropriate because the claims did not affect relations among the traditional plan entities of employer, plan, fiduciaries, and beneficiaries. *Id.* The court further noted:

> Additionally, these claims will not affect the structure, the administration, or the type of benefits provided by the plan. Plaintiffs make no claim based on any rights under the plan; there is no allegation that any of the plan's terms have been breached. Nor is there any effort to enforce or modify the terms of the plan. Finally, there is no threat that, by allowing this suit to go forward, conflicting regulations will emerge which will destroy the structural unity of the ERISA scheme.

*Id.* (citations omitted). Finally, the court noted the *Settles* "factual basis" standard, but it distinguished *Settles* and other cases relying on that standard as cases involving "efforts by beneficiaries to undo some allegedly improper act of plan administration." *Id.* According to the court, *Airparts* presented a different situation:

> The plan administrator here is [the employer], one of the plaintiffs. [The defendant] was not a plan administrator. It was simply an outside consultant which did not directly perform any administrative act vis-a-vis the plan.

*Id.*

Plaintiff argues that, under *Airparts*, her claims are not preempted because negligence and the tort of outrage are "laws of general application ... that involve traditional areas of state regulation." *Id.* The court concludes, however, that, upon close reading, *Airparts* does not support plaintiff's position, but in fact compels the opposite result. As previously stated, the Tenth Circuit's decision in that case was based on its conclusion that the claims at issue did not affect relations among the traditional plan entities; here, however, plaintiff's claims based on conduct by CMG in determining eligibility under the plan do affect relations between

the provider and the plan participants. Moreover, many of the factors whose absence the *Airparts* court emphasized are present here. These claims could very well affect the administration of or benefits provided by the plan; plaintiff has essentially alleged a breach of the plan and attempted to enforce the plan by her claim that CMG determined her eligibility for benefits under the plan improperly; and, as explained in *Corcoran*, there is a threat here of conflicting state law standards. Finally, the present case is more similar to Settles than to *Airparts* because plaintiff is attempting to undo an allegedly improper act of plan administration by suing CMG, a company that did perform an administrative act vis-a-vis the plan.

Lastly, the court reject plaintiff's argument that ERISA does not preempt her claims against CMG—at least not at this stage in the litigation—because it cannot yet be determined whether CMG is a fiduciary against whom plaintiff may assert an ERISA claim. Every federal appellate court that has decided the question has held that claims against non-fiduciaries may be preempted by ERISA. *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 418 (4th Cir.1993); *Consolidated Beef Indus., Inc. v. New York Life Ins. Co.*, 949 F.2d 960, 964 (8th Cir.1991); *Gibson v. Prudential Ins. Co. of Am.*, 915 F.2d 414, 418 (9th Cir.1990); *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1565 (11th Cir.1987). The Tenth Circuit expressly declined to consider this issue in *Airparts*. *See* 28 F.3d at 1067. This circuit has stated, however, that the existence of a remedy under ERISA is not relevant to the issue of preemption. *Cannon*, 77 F.3d at 1274. Thus, the court concludes that the Tenth Circuit would take *Cannon* to the next logical step and join its sibling circuits in deeming a defendant's non-

fiduciary status immaterial to the preemption analysis.

In summary, plaintiff's negligence and outrage claims against CMG are based on CMG's allegedly improper determination of plaintiff eligibility for benefits under an ERISA plan. Therefore, under the controlling precedent, ERISA preempts plaintiff's claims because they relate to an ERISA plan. CMG's motion to dismiss the claims against it is granted.

## IV. Requests to Amend the Complaint
### A. Negligence Claim Against Humana

■ In her brief in opposition, plaintiff requests leave to amend her complaint for the second time to assert a negligence claim against Humana, by which plaintiff would seek to impart vicarious liability on Humana for the alleged negligence of its ostensible agent, CMG. Just as plaintiff's claims against CMG are preempted, so too would ERISA preempt a claim against Humana based on that same conduct by CMG—claims against either defendant would relate to the ERISA plan in the same way. Accordingly, plaintiff may not amend her complaint in this way because such amendment would be futile. *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir.1992) (denial of amendment proper where proposed claim would not withstand a motion to dismiss).

### B. ERISA Claim Against CMG

Plaintiff also requests leave to amend her complaint to add a claim against CMG for breach of fiduciary duty under ERISA. CMG has not opposed such an amendment.[4] Therefore, the court will permit plaintiff to file a second amended complaint asserting the requested claim for breach of fiduciary duty.[5]

---

4. Plaintiff's brief in opposition to CMG's motion to dismiss was filed on July 16, 1997, and served on CMG by mail. Therefore, a reply brief by CMG was due on August 4, 1997. *See* Fed. R.Civ.P. 6(e) (adding three days to response time for service by mail); D. Kan. Rule 7.1(b) (providing 10 days for filing a reply brief); Fed.R.Civ.P. 6(a) (excluding weekends in counting periods under 11 days). As of this date, CMG has not filed a reply brief.

5. Plaintiff attached a proposed amended complaint to her brief in opposition to Humana's motion, which complaint included a new Count V against Humana and a new Count VI against CMG. Plaintiff is instructed to file a new amended complaint, omitting the claims that have been dismissed by this order, omitting the proposed new claim against Humana, and adding the single new claim against CMG. Plaintiff is also instructed to title her amended pleading a "complaint" instead of a "petition" in order to con-

IT IS THEREFORE ORDERED BY THE COURT THAT Humana's motion to dismiss (Doc. 10) is granted in part and denied in part. The motion is granted with respect to the outrage claim, Count IV, as it relates to Humana, and that claim is hereby dismissed. The motion is denied with respect to the claims under ERISA, Counts I and II.

IT IS FURTHER ORDERED BY THE COURT THAT CMG's motion to dismiss the common law negligence and outrage claims against it, Counts III and IV, is granted, and those claims are hereby dismissed.

IT IS FURTHER ORDERED THAT plaintiff may amend her complaint to add a claim against CMG under ERISA for breach of fiduciary duty. Plaintiff's request to add a common law claim against Humana is denied. Plaintiff shall file her amended complaint on or before August 15, 1997.

IT IS FURTHER ORDERED THAT the proceedings in this matter are stayed pending plaintiff's exhausting administrative remedies with respect to her claim against Humana to recover insurance benefits, with the exception that plaintiff shall file her amended complaint by August 15, 1997. Upon exhausting her remedies, plaintiff may file a motion to lift the stay if she desires to pursue this lawsuit. If no such motion is filed by December 5, 1997, the court will conduct a telephone status conference at a time and on a date to be determined later.

IT IS SO ORDERED.

form with the federal rules.   See Fed.R.Civ.P.    7(a) (listing acceptable pleadings).