F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**FEB 28 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

DEBRA S. GETTING,

    Plaintiff-Appellant,

v.

FORTIS BENEFITS INSURANCE
COMPANY,

    Defendant-Appellee.

No. 00-3278
(D. Kan.)
(D.Ct. No. 97-CV-4177-SAC)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Debra S. Getting, a *pro se* litigant, appeals the district court's decision, granting summary judgment to Fortis Benefits Insurance Company, Inc. (Fortis) in an action alleging it violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 (ERISA). Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm the judgment of the district court.

The material, uncontroverted facts are fully set forth in the district court's July 27, 2000 Memorandum and Order. In short, Fortis twice denied Ms. Getting's claim seeking long-term disability benefits – first denying her initial claim and then her appeal. Each time Fortis denied Ms. Getting's claim, it provided her with the ERISA appeal guidelines it used in administering claims. Following Fortis' denial of Ms. Getting's appeal, Ms. Getting's attorney demanded an explanation from Fortis on why it denied her appeal and requested certain documents, including the "summary plan description." In a letter to Ms. Getting's attorney, Fortis provided additional information on why it denied Ms. Getting's appeal and stated, "[i]f you wish to appeal the denial of her claim, enclosed are the procedures as required under [ERISA]." Fortis also provided Ms. Getting's attorney a copy of the master policy, insurance booklet, policy schedule, and the ERISA appeal guidelines it used in administering claims, but did not provide the "summary plan description." Although Fortis' denial letter

did not explicitly mention it, Fortis had an established procedure of providing a third level of review to ERISA participants.

Ms. Getting did not file for a third-level review with Fortis, and instead filed a *pro se*, federal complaint against Fortis, alleging it wrongfully denied her long-term disability benefits under its policy in violation of ERISA requirements. Fortis filed a motion for summary judgment claiming Ms. Getting failed to exhaust her administrative remedies under ERISA by not pursuing a third-level review. Ms. Getting responded to Fortis' summary judgment motion, contending it must be dismissed because Fortis failed to produce the "summary plan description" or any other plan documents which "support" or "establish[]" its administrative claims procedure.

The district court granted summary judgment in favor of Fortis, finding Ms. Getting failed to exhaust her administrative remedies. Although no evidence showed Fortis explicitly told Ms. Getting about its third-level review, the district court determined the letters and ERISA appeal guidelines Fortis sent Ms. Getting put her and her attorney on notice of a third-level review existed. The district court also noted Ms. Getting did not claim a third-level review would have been futile or that Fortis would again deny her claim.

On appeal, Ms. Getting does not claim she was unaware of Fortis' third-level review. Rather, Ms. Getting implicitly acknowledges she was aware of the third-level review, stating "I decided to pursue my next appeal through the courts because I was not getting the information I needed to pursue my appeal from Fortis." She identifies the information she needed as the "summary plan description" and bases her appeal on the fact she never received this document from Fortis,[1] which she claims denied her access to the appeals procedure. Finally, Ms. Getting summarily states that appealing directly to Fortis "would have been futile."

In response to Ms. Getting's appeal, Fortis contends it is the duty of the plan administrator or sponsor to prepare and provide the "summary plan description" to its participants. Fortis asserts Ms. Getting failed to show in this case that Fortis was the administrator or sponsor of the ERISA plan at issue, had a duty to provide her the summary plan description, or even had the summary plan

---

[1] In support of her argument that Fortis intentionally concealed information about the "summary plan description," Ms. Getting attaches a copy of a handwritten, internal document obtained from Fortis which is partially covered with a stick'em note. (Apt. Br. at 4 (¶ 3(a) and att'd Ex. DEF 0079).) However, a review of the record shows Fortis supplemented the district court record with a clean copy of the handwritten document – minus the stick'em note – and that the portion of the document previously covered did not pertain to the summary plan description. (Ape. Br. at 13; Vol. 1, Doc. 22 (att'd Ex. DEF 0079(A)).)

description at the time it was requested.

We begin with our standard of review:

We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." .... [W]e view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.

*Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied,* 528 U.S. 815 (1999) (quoting Fed. R. Civ. P. 56(c)).

Next, we must look at the exhaustion requirement. Although ERISA contains no explicit exhaustion requirement, we have held that exhaustion of administrative remedies is an implicit prerequisite to seeking judicial relief. *See McGraw v. Prudential Ins. Co.*, 137 F.3d 1253, 1263 (10th Cir. 1998). Generally, a district court may waive exhaustion only when appeal in the review process would be futile or the remedy in the benefit plan is inadequate. *See id.* In order to meet the futility exception, Ms. Getting must show her claim would be denied on appeal, and not just that she thinks it is unlikely an appeal will result in a

-5-

different decision. *See Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996).

A review of the record establishes Ms. Getting failed to exhaust her administrative remedies by not filing for a third-level review. Regarding her conclusory statement that another appeal would have been "futile," we note Ms. Getting provides no evidence in support of this statement and did not make this argument to the district court. Therefore, Ms. Getting has not made the requisite showing that "futility" was an excuse for not exhausting her administrative remedies. Similarly, Ms. Getting never explains why a copy of the "summary plan description" was required for further appeal. While she contends the summary plan description would have somehow "establishe[d]" Fortis' administrative claims procedure, evidence in the record shows she knew and received the ERISA appeal guidelines containing the claim review procedures used by Fortis, which she and her attorney followed in filing her first appeal. Thus, under the circumstances presented, Ms. Getting fails to show a genuine issue as to any material fact or that she is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

For these and substantially the same reasons in the district court's July 27,

2000 Memorandum and Order, the district court's grant of summary judgment in favor of Fortis was correct. Accordingly, we **AFFIRM** the judgment of the district court.

Entered by the Court:

**WADE BRORBY**
United States Circuit Judge