Kevan **BAKER**, et. al., **Plaintiffs,**

v.

**COMPREHENSIVE EMPLOYEE SOLUTIONS, et al., Defendants.**

No. 2:02CV249TS.

United States District Court, D. Utah, Central Division.

April 7, 2005.

Cass C. Butler, Esq., Callister, Nebeker & McCullough, W. Waldon Lloyd, Craig T. Jacobsen, Salt Lake City, UT, for defendants.

Mr. Brian S King, Esq., Salt Lake City, UT, Marcie E. Schaap, Esq., King Burke & Schaap, Salt Lake City, UT, Nicole T. Durrant, Salt Lake City, UT, for plaintiffs.

MEMORANDUM ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFFS' MOTION TO CERTIFY CLASS

STEWART, District Judge.

On November 4, 2004, the Court was scheduled to hear arguments regarding Plaintiffs' Motion to Certify Class. At the hearing, the Court informed the parties that before the Court could rule on the issue of class certification, parties must address the Court's jurisdiction over this litigation, an issue that had been raised tangentially in Defendants' Opposition to Plaintiffs' Motion to Certify Class. The Court set forth a briefing schedule for the parties to address that issue. Defendants fashioned their opening briefing as a Motion to Dismiss. The parties have fully briefed this issue, and the Court now rules on Defendants' Motion to Dismiss and Plaintiffs' Motion to Certify Class.

## I. DEFENDANTS' MOTION TO DISMISS

In their Amended Complaint and Proposed Class Action, Plaintiffs bring two types of claims. First, Plaintiffs bring claims arising out of the Employee Retirement Income Security Act of 1974 ("ERISA"). Second, Plaintiffs bring a negligence claim rooted in Defendants' actions relevant to an ERISA plan, of which Plaintiffs are participants or beneficiaries.

### A. Plaintiffs' ERISA Claims

■ In their Motion to Dismiss, Defendants argue that Plaintiffs' ERISA claims should be dismissed because Plaintiffs have failed to exhaust their administrative remedies. Plaintiffs argue that ERISA's exhaustion requirement is limited to claims brought for recovery of benefits under an ERISA plan under 29 U.S.C. § 1132(a)(1)(B). Although Plaintiffs bring a claim under 29 U.S.C. § 1132(a)(1)(B), Plaintiffs argue that exhaustion of this claim would have been an inadequate remedy and futile. Further, Plaintiffs argue that their claim brought under 29 U.S.C. § 1132(a)(2) for breach of fiduciary duty need not be exhausted.

The Tenth Circuit has made clear that exhaustion of administrative remedies under employee benefits plans is required before participants may file suit in federal court seeking to recover benefits due them under such plans. *See Whitehead v. Oklahoma Gas & Elec. Co.,* 187 F.3d 1184 (10th Cir.1999); *Gaylor v. John Hancock Mut. Life Ins. Co.,* 112 F.3d 460 (10th Cir.1997). The Tenth Circuit has further addressed the requirements of exhaustion of an ERISA claim as follows:

Although ERISA contains no explicit exhaustion requirement, we have held that exhaustion of administrative remedies is an implicit prerequisite to seeking judicial relief. *See McGraw v. Prudential Ins. Co.,* 137 F.3d 1253, 1263 (10th Cir.1998). Generally, a district court may waive exhaustion only when appeal in the review process would be futile or the remedy in the benefit plan is inadequate. *See id.* In order to meet the futility exception, [a plaintiff] must show her claim would be denied on appeal, and not just that she thinks it is unlikely an appeal will result in a different decision. *See Lindemann v. Mobil Oil Corp.,* 79 F.3d 647, 650 (7th Cir.1996).

*Getting v. Fortis Benefits Ins. Co.*, 5 Fed. Appx. 833, 2001 WL 201966 (10th Cir.2001).

### 1. Plaintiffs' Claim To Recover Benefits Owed Them Under ERISA Plan

Plaintiffs admit that they have not exhausted their administrative remedies. The only remaining question is whether Plaintiffs meet their burden in showing that one of the two exceptions to exhaustion should apply here.

█ Plaintiffs argue that both exceptions should apply. Plaintiffs argue that the administrative remedy found in the benefit plan is inadequate because Plaintiffs not only bring their own claim but, pending certification, that of a class. In essence, Plaintiffs desire a ruling that would obviate the need for exhaustion of a perspective class even though exhaustion would be a sufficient remedy for each class member in their individual capacity. The Court finds no legal justification to excuse Plaintiffs from exhausting their administrative remedies just because Plaintiffs come *en masse.* The Court therefore finds that this exception does not apply here irrespective of whether the Court certifies Plaintiffs' proposed class.

█ The Court next turns to the issue of futility. Plaintiffs argue that because Defendants have not responded to the affidavits submitted in this case, it shows that exhaustion would be futile. The Court does not find that this is convincing evidence that Plaintiffs' "claim[s] would be denied on appeal" or even that it is unlikely that the appeal "will result in a different decision." *Getting,* 5 Fed.Appx. 833. The Court finds that Plaintiffs have failed to meet their burden of showing that exhaustion of their administrative remedies would be futile. The Court therefore grants dismissal of Plaintiffs' 29 U.S.C. § 1132(a)(1)(B) claim for failure to exhaust.

### 2. Plaintiffs' ERISA Claim For Breach Of Fiduciary Duty

█ The Tenth Circuit has addressed some statutory violations of ERISA differently than violations of an ERISA plan. In *Held v. Manufacturers Hanover Leasing Corp.*, 912 F.2d 1197 (10th Cir.1990), the Tenth Circuit determined that exhaustion of administrative remedies was unnecessary for a claim under 29 U.S.C. § 1140. *Held* involved an employer who had fired an employee at least in part to prevent him from attaining vested rights under the employer's retirement plan. The Tenth Circuit found that the employee would not need to exhaust his remedies. However, the holding of *Held,* is narrow, namely that exhaustion need not occur under one particular section of ERISA. *Id.* at 1205 ("We agree with the Ninth and Third Circuits that a plaintiff need not exhaust administrative remedies prior to bringing an action under § 510 of ERISA.")

Plaintiffs have asked the Court to extend the logic in *Held* to hold that exhaustion is only applicable to remedies under employee benefits plans and inapplicable to all other ERISA statutory remedies. The Court is not prepared to rule that the Tenth Circuit has limited the exhaustion requirement to only those found under 29 U.S.C. § 1132(a)(1)(B) as Plaintiffs suggest. The Court finds instructive that in *Held* the Tenth Circuit looked to the practical effect of requiring exhaustion and found that under 29 U.S.C. § 1140, it "would serve little purpose." The Court adopts this pragmatic approach when examining an alleged statutory violation.

The Court looks to Plaintiffs' breach of fiduciary duty claim to determine whether exhaustion would serve a meaningful purpose. The Court finds that requiring exhaustion for Plaintiffs' claim of breach of fiduciary duty would serve no meaningful purpose and would rather unduly, and perhaps prejudicially, delay litigation of such a claim. The Court notes that other district courts within the Tenth Circuit have likewise found that a breach of fiduciary duty claim under ERISA need not be exhausted. *See Unger v. U.S. West, Inc.*, 889 F.Supp. 419 (D.Colo.1995); *Clark v. Humana Kansas City, Inc.*, 975 F.Supp. 1283 (D.Kan.1997). Because the Court finds that Plaintiffs need not exhaust their administrative remedies related to their claim of breach of fiduciary duty under ERISA, the Court denies Defendants' Motion to Dismiss as it relates to that claim.

## B. Plaintiffs' Negligence Claim

■ Under § 514 of ERISA, state laws are preempted if they "relate to" an ERISA plan. 29 U.S.C. § 1144(a); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The Supreme Court and the Tenth Circuit read the ERISA preemption clause broadly. *FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990); *Settles v. Golden Rule Ins. Co.,* 927 F.2d 505, 509 (10th Cir.1991). A law "relates to" an ERISA plan "if it has a connection with or reference to such a plan." *Shaw,* 463 U.S. at 96–97, 103 S.Ct. 2890. ERISA's preemption clause is not limited to cover laws specifically designed to affect ERISA plans or to laws that deal specifically with subject matters covered by ERISA. *FMC Corp.,* 498 U.S. at 58, 111 S.Ct. 403. Some laws, however, may affect an ERISA plan "in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw,* 463 U.S. at 100 n. 21, 103 S.Ct. 2890. Both statutory and common law claims are also preempted if they relate to an ERISA plan. *See Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). Under the standard applied in this Circuit, "common law tort and breach of contract claims are preempted by ERISA if the factual basis of the cause of action involves an employee benefit plan." *Settles,* 927 F.2d at 509.

Plaintiffs' negligence claim relies on the following duty:

> These Defendants owed a duty to the Plaintiffs and other prospective class members to exercise due diligence and care in giving advice or consulting concerning the establishment of the Plan, its funding and administrative mechanisms, ERISA notice, funding, fiduciary and claims procedure requirements, and in marketing those features of the Plan to Probe Electric and other employees before the Plan was formed or before the date the class members became participants or beneficiaries under the Plan.

Amended Complaint and Proposed Class Action ¶ 55.

Clearly, such a claim would be encompassed by ERISA's broad preemption clause. Plaintiffs' claim is essentially an attempt to craft a common law duty that relates to ERISA obligations. The Court therefore dismisses Plaintiffs' negligence claim.

## II. PLAINTIFFS' MOTION TO CERTIFY CLASS

The Tenth Circuit has explained the standard of review of class certification as follows:

> Although the party seeking to certify a class bears the burden of proving that all the requirements of Rule 23 are met, the district court must engage in its own "rigorous analysis" of whether "the prerequisites of Rule 23(a) have been satisfied." In doing so, the court must accept the substantive allegations of the complaint as true, although it "need not blindly rely on conclusory allegations which parrot Rule 23" and "may consider the legal and factual issues presented by plaintiff's complaints."

*Shook v. El Paso County,* 386 F.3d 963, 968 (10th Cir.2004) (citations omitted). Rule 23(a) requires an analysis of four elements which are preconditions to class certification: numerosity, commonality, typicality, and adequacy of the named parties to represent the class.

### A. Rule 23(a)

#### 1. Numerosity

■ The first requirement found in Rule 23, which governs the certification of class actions, is that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. 23(a)(1). It is not required that the precise number of class members be known at the time of certification. *See Olenhouse v. Commodity Credit Corp.,* 42 F.3d 1560, 1572 (10th Cir.1994). However, "mere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1)." 7A Wright, Miller & Kane § 1762.

Plaintiffs argue that the evidence in their Amended Complaint and in their memorandum suggest that there are "hundreds of participants and beneficiaries." Defendants

counter by saying that "Plaintiffs fail . . . to set forth any credible evidence, argument or assertion to support a finding that there are any putative claimants beyond plaintiffs." Defendants' Opposition at 10. The Court has determined not to dismiss Plaintiffs' claim that Defendants breached their fiduciary duty, which is rooted in ERISA. The Court finds that this claim is potentially not limited to Plaintiffs and that a breach of this duty that involves the self-dealing and mismanagement alleged in the Amended Complaint would be a breach of a duty owed to all plan beneficiaries and not just Plaintiffs. The Court finds that Plaintiffs meet the requirement of numerosity by alleging in their Complaint that the proposed class would include hundreds of participants and beneficiaries.

### 2. Commonality

Rule 23(a)(2) requires that "questions of law or fact common to the class" be present in order to maintain a class action. Plaintiffs argue that their proposed class would consist of people to whom Defendants owed a fiduciary duty and breached such a duty. The Court finds that Plaintiffs are correct in asserting that this is a common duty. The source of the duty, ERISA, is also common among class members. Defendants do not dispute the issue of commonality. The Court finds that Plaintiffs' proposed class would have commonality.

### 3. Typicality

Typicality requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. 23(a)(3). The major thrust of Plaintiffs' argument is that they have suffered the same harm as that suffered by others in the class—that is, they suffered the effects of Defendants allegedly breaching their fiduciary duty. The major thrust of Defendants' response to this prong relies on the issue of exhaustion of the administrative remedies, which the Court has previously addressed. Additionally, Defendants argue that there is no evidence that it has wrongfully denied any properly brought ERISA claim. However, as *Shook* makes clear, the Court must rely on the substantive facts alleged in the Amended Complaint and not upon the representations made by Defendants in opposition to Plaintiffs' Motion to Certify. *Shook*, 386 F.3d at 968. The Court finds that the Amended Complaint alleges facts sufficient to make out a claim of breach of fiduciary duty.

### 4. Adequacy Of Representation

The fourth requirement for certification is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. 23(a)(4). According to the Tenth Circuit, this turns on two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir.2002).

Defendants do not address the adequacy of counsel, and this is probably well founded because the affidavits of counsel show considerable experience in ERISA claims and class actions. However, Defendants do focus on the allegation that Plaintiffs have refused to settle in an expeditious manner and rather have filed a class action. Defendants claim it is in the interest of the class to get paid as promptly as possible, which seems contrary to Plaintiffs' actions. Plaintiffs argue that they have merely looked out after their claim and the claims of the class and that their refusal to take steps toward settlement at this juncture of the litigation is only a reflection of their vigorous representation. The Court finds that this evidence, if relevant at all, illustrates that Plaintiffs aim to vigorously represent the class and not that Plaintiffs are somehow deficient as class representatives. The Court finds that there are no apparent conflicts of interest between Plaintiffs and the other proposed class members. The Court determines that Plaintiffs have satisfied this prong.

### B. Rule 23(b)

Since the Court has found that Plaintiffs have met these threshold requirements under Rule 23(a), the Court "must then examine whether the action falls within one of

three categories of suits set forth in Rule 23(b)." *Shook*, 386 F.3d at 971. In this case, Plaintiffs seek to certify the class action under 23(b)(1) or (2). Rule 23(b) reads as follows:

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of

>> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

>> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole[.]

■ The Court finds that Plaintiffs meet both (b)(1)(A) and (b)(1)(B). The fiduciary duty at issue is owed to the entire class and separate actions would create the risk of establishing inconsistent standards under ERISA. Additionally, because the fund at issue may be limited beyond the potential damages of the class, class members each pursuing their own claims individually may exhaust the limited resources available and leave some potential class members with no remedy at all. Because the Court finds that Plaintiffs satisfy Rule 23(b)(1), the Court need not address Rule 23(b)(2). Plaintiffs also put forward an alternative argument that they could meet Rule 23(b)(3) if the Court did not find they met Rule 23(b)(1) or (2). The Court need not to address that argument either.

## C. *Certification*

The Court therefore certifies a class action in this suit. The class consists of all participants and beneficiaries in the Comprehensive Employee Solution Group Medical Benefit Plan. The issue pertaining to the class is allegation of breach of fiduciary duty that is included in Plaintiffs' Amended Complaint. The Court appoints, as requested, Plaintiffs' counsel, Brian S. King and Marcie E. Schaap, to represent the class. The Court orders that class members be provided the same notice that such members would receive under Rule 23(b)(3).

## III. CONCLUSION

For the foregoing reasons, the Court hereby

ORDERS, that Defendants' Motion to Dismiss is partially GRANTED and partially DENIED. Specifically, the Court grants Defendants' Motion to Dismiss as it relates to Plaintiffs' ERISA claim under 29 U.S.C. § 1132(a)(1)(B) and Plaintiffs' negligence claim. The Court denies Defendants' Motion to Dismiss as it relates to Plaintiffs' claim for breach of fiduciary duty under ERISA.

The Court GRANTS Plaintiffs' Motion to Certify Class. The class will consist of all participants and beneficiaries in the Comprehensive Employee Solution Group Medical Benefit Plan. The issue pertaining the class is allegation of breach of fiduciary duty that is included in Plaintiffs' Amended Complaint. The Court appoints, as requested, Plaintiffs' counsel, Brian S. King and Marcie E. Schaap, to represent the class. The Court orders that class members be provided the same notice that such members would receive under Rule 23(b)(3).

SO ORDERED.