**Wade E. JENSEN, and Donald D. Goff, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**SOLVAY CHEMICALS, INC., Solvay America, Inc., and Solvay America Companies Pension Plan, Defendants.**

**No. 06–CV–273.**

United States District Court,
D. Wyoming.

Oct. 18, 2007.

See also 520 F.Supp.2d 1349.

Richard H. Honaker, Honaker Law Offices, Rock Springs, WY, Stephen R. Bruce, Law Offices of Stephen R. Bruce, Washington, DC, for Plaintiffs.

J. Richard Hammett, Baker & McKenzie, Houston, TX, Paul J. Hickey, Hickey & Evans, Cheyenne, WY, Scott M. Nelson, Baker & McKenzie, Houston, TX, for Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' ERISA CLAIMS BASED ON PLAINTIFFS' FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

ALAN B. JOHNSON, District Judge.

This matter came before the Court on Defendants' Motion to Dismiss Plaintiffs' ERISA Claims Based on Plaintiffs' Failure to Exhaust Administrative Remedies. The Court, being fully advised in the premises, **FINDS** and **ORDERS** as follows:

### Factual and Procedural Background

On January 1, 2005, Solvay America Companies Pension Plan amended its defined benefit pension plan. Plaintiffs Wade E. Jensen and Donald D. Goff allege in a Complaint filed November 15, 2006, that the structuring of the amendment freezes the retirement benefits of older, longer-service employees and offers lower rates of benefit accrual at older ages. Further, Plaintiffs allege that Defendants violated ERISA by failing to provide adequate notice of the changes. Before filing the present action, but after filing age discrimination complaints with the Wyoming Labor Standards Board, Plaintiffs' counsel sent a letter to Solvay America Companies' Plan administrator describing the claims and requesting relief. Solvay replied in a letter dated April 10, 2006, stating that Plaintiffs' letter was being treated as a claim for benefits. Solvay's "Administrative Committee" subsequently sent Plaintiffs a response letter, dated August 31, 2006, that denied each claim. On September 8, 2006, Plaintiffs sent a letter requesting information relating to the denial. The Solvay America Companies' Pension Plan Administrative Committee responded on October 13, 2006, enclosing documents related to the request. The Plaintiffs did not pursue further remedies with Solvay and this action was filed on November 15, 2006.

Plaintiffs specifically allege claims for (1) age discrimination stemming from a pension benefit freeze, (2) violation of ERISA's accrual requirements and (3) nonforfeitability rules, (4) reduced rates of benefit accrual based on age, (5) inadequate notice of reductions, and (6) inadequate summary of material modifications. Plaintiffs allege that these claims spring from the January 1, 2005 amendment to the defined benefit pension plan. Plaintiffs ask for relief from Solvay Chemicals, Inc., Solvay America, Inc., and Solvay America Companies Pension Plan (collectively "Solvay"). Defendants filed a MOTION TO DISMISS PLAINTIFFS' ERISA CLAIMS BASED ON FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES with an accompanying brief and exhibits on March 30, 2007. Defen-

dants ask the Court to dismiss claims 2 through 6. Plaintiffs filed a BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS with supporting exhibits on April 20, 2007. Oral arguments were heard on September 14, 2007.

### Standard of Review

The party invoking federal jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists. *United States ex. rel. Holmes v. Consumer Ins. Group*, 279 F.3d 1245, 1249 (10th Cir.2002), *rev'd and remanded on other grounds* 318 F.3d 1199 (10th Cir. 2003) (en banc). A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) may take two forms. When a defendant makes a facial attack on the complaint's allegations, which challenges the sufficiency of the complaint, the district court will accept the plaintiffs allegations as true. *Cal. Cas. & Fire Ins. Co. v. Brinkman*, 50 F.Supp.2d 1157, 1161 (D.Wyo.1999). If, however, the defendant goes beyond the allegations contained in the complaint and challenges the facts upon which subject matter jurisdiction depends, the district court will not presume the truthfulness of the plaintiff's allegations and has wide discretion to consider other documents to resolve the jurisdictional question. *Id.*

### Analysis

While exhaustion of administrative remedies for ERISA claims is necessary in some instances, it is not a mandatory prerequisite to filing suit in all instances. ERISA itself does not mandate exhaustion of administrative remedies, although the Tenth Circuit has observed that, barring an exception, "exhaustion of administrative i.e., company- or plan-provided remedies is an implicit prerequisite to seeking judicial

relief." *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1206 (10th Cir.1990). Determining when exhaustion is required and in what circumstances an exception is available constitutes an unsettled area of the law. The circuits are not in accord and no Supreme Court decisions are on point to offer significant guidance. *Id.*

In the Tenth Circuit, factors allowing waiver of the requirement of administrative exhaustion depend upon which type of claim is being asserted. Two types of claims that can be asserted under ERISA's civil enforcement provisions are either claims for benefits or claims alleging statutory violations. 29 U.S.C. § 1132, ERISA § 502.

The precedent for allowing exceptions based on statutory claims for relief in the Tenth Circuit generally began with *Held v. Mfrs. Hanover Leasing Corp.* The *Held* court allowed a claim based on § 510 of ERISA[1] before exhaustion of administrative remedies. *Held*, 912 F.2d at 1199. The *Held* Court excused exhaustion based on the reasoning that a "Section 510 claim asserts a statutory right which plan fiduciaries have no expertise in interpreting." *Id.* at 1204–1205. Further, the *Held* Court stated:

> a § 510 "ERISA action is to enforce statutory rights designed to protect the employees from actions which interfere with their attainment of eligibility for [certain] benefits." ... [A] participant in an employee benefit plan "is not required to exhaust grievance or arbitration procedures prior to bringing an action under Section 510 of ERISA."

*Id.* at 1204 (internal citations omitted). The *Held* court surveyed several circuits in

---

1. It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan. 29 U.S.C. § 1140.

reaching its conclusion. It quoted a Third circuit case, *Zipf v. A.T. & T.*, and recognized that for statutory claims, "one of the primary justifications for an exhaustion requirement in other contexts, deference to administrative experts, is simply absent." *Held*, 912 F.2d at 1205 (citing *Zipf v. A.T. & T.*, 799 F.2d 889, 894 (3rd Cir.1986)).

Other district courts in the Tenth Circuit have extended the *Held* holding to include ERISA claims relating to breach of fiduciary duty. *See Baker v. Comprehensive Employee Solutions*, 227 F.R.D. 354 (D.Utah 2005); *Unger v. U.S. West, Inc.*, 889 F.Supp. 419 (D.Colo.1995); *Clark v. Humana Kansas City, Inc.*, 975 F.Supp. 1283 (D.Kan.1997). In extending the doctrine in the *Baker* case, the district judge found "[t]he Court looks to Plaintiffs' breach of fiduciary duty claim to determine whether exhaustion would serve a meaningful purpose. The Court finds that requiring exhaustion for Plaintiffs * claim of breach of fiduciary duty would serve no meaningful purpose and would rather unduly, and perhaps prejudicially, delay litigation of such a claim." *Baker*, 227 F.R.D. at 357.

Looking to the question of whether "exhaustion would serve a meaningful purpose" guides the analysis as to whether these claims are statutory and require exhaustion of administrative remedies. Whether Plaintiffs' claims are for denial of benefits or are to enforce statutory rights is the determining issue in deciding if exhaustion is required for the case at bar.

■ The Court finds that Plaintiffs' claims two through six are claims for enforcement of statutory rights and are not subject to exhaustion. These claims require a determination of whether Defendants' actions violated provisions of ERISA. Solvay does not have any expertise in interpreting whether plan provisions violate the statute. The claims do not require Defendants to interpret any provisions of the plan. The Solvay appeal process would not require Defendants to interpret any provisions of the plan. Deference to the Solvay committee's expertise would serve no meaningful purpose and is not required. Further administrative action on behalf of either party would not further the policy reasons for exhaustion or promote judicial economy. Exhaustion in this instance is unnecessary and is excused.

For the foregoing reasons, it is hereby

**ORDERED** that the Defendants' Motion to Dismiss is Denied.